979 F.2d 856
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward E. ALLEN, Defendant-Appellant.
 No. 92-35176.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1992.*
Decided Nov. 20, 1992.
 
 Before TANG, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward E. Allen ("Allen") appeals the district court's denial of his 28 U.S.C. § 2255 motion. Allen pleaded guilty on October 13, 1987, to one count of tax evasion, filed in Arizona, and to one count of fraudulent bank loan application, filed in Oregon. On December 17, 1987, judgment was entered and Allen was placed on five years probation. Allen was also ordered to pay $11,612 in restitution. On March 31, 1988, a petition to revoke his probation was filed, and a hearing was held before Judge Marsh on July 28, 1988. Judge Marsh continued the probation with additional restrictions. On May 15, 1991, Allen filed a § 2255 motion. The district court denied his motion without an evidentiary hearing on the claim as to whether Allen was denied effective assistance of counsel at his change of plea in 1987. Allen argues that an evidentiary hearing was required because he stated a claim for relief. He argues specifically that he was denied effective assistance of counsel because he entered into a plea agreement based on incorrect legal advice provided by his counsel. We affirm.
 
 DISCUSSION
 
 3
 Allen argues that the district court erred in denying his § 2255 motion without an evidentiary hearing. We review de novo the district court's denial of a § 2255 motion. Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991). We review for an abuse of discretion the district court's denial of an evidentiary hearing. Id. at 168. In reviewing a decision of the district court, we may affirm on any ground that finds support in the record. Kruso v. Int'l. Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 
 4
 A § 2255 motion may not be denied without a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Marrow v. United States, 772 F.2d 525, 526 (9th Cir.1985). "We may affirm the district court if [Allen's] allegations, viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.' " Id. (citation omitted).
 
 
 5
 Allen claims that he was denied effective assistance of counsel because his attorney misinformed him that, unless he pleaded guilty, he would receive a "long sentence because of [his] criminal past." [ER 43, Blue Brief 3]. Allen essentially claims that he did not knowingly and voluntarily enter the plea. According to Allen, his attorney "was not knowledgeable enough to know that prior convictions that were obtained without an attorney cannot be used against you in Federal proceedings." [ER 43, Blue Brief 3].
 
 
 6
 Allen, however, fails to support these allegations with proof of facts. He has not demonstrated that his counsel's performance was deficient which prejudiced Allen's defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). In fact the district court found that:
 
 
 7
 Petitioner fails to state sufficient facts to establish ineffective assistance of counsel. Petitioner stated in his plea petition that he was fully satisfied with his attorney. ... Petitioner stated under oath before Judge Panner that he had satisfied himself that he wanted to plead guilty. Petitioner's attorney's decision not to move to suppress statements or evidence is the type of judgment within the broad range of reasonable choices. Petitioner's attorney's tactics resulted in four charges being dismissed against petitioner and petitioner receiving only probation.
 
 
 8
 Further, petitioner has failed to demonstrate that the statements or evidence would have been suppressed. Petitioner has also failed to state any facts that would show that he would not have been found guilty. Petitioner's statements in the plea petition and his statement to the court establish his guilty.
 
 
 9
 [ER 38-39].
 
 
 10
 The district court seriously considered Allen's claim against the record and thus did not abuse its discretion in denying Allen an evidentiary hearing. The district court also did not err in denying Allen's § 2255 motion, because Allen's counsel's performance was not shown to be deficient in a way which prejudiced Allen's defense.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3