UNITED STATES of America,
Plaintiff–Appellee,

v.

Edward E. ALLEN, Defendant–Appellant.

No. 97–35697.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 1998.

Decided Aug. 31, 1998.

Thomas K. Coan, Portland, Oregon, for defendant-appellant.

Sean B. Hoar, Assistant United States Attorney, Eugene, Oregon, for plaintiff-appellee.

Before: ALARCON, FERGUSON, and BRUNETTI, Circuit Judges.

ALARCON, Circuit Judge:

Edward E. Allen ("Allen") appeals from the district court's denial of his 28 U.S.C. § 2255 motion. Allen asserts that (a) he was denied the effective assistance of counsel at his 1994 probation revocation hearing; (b) his guilty pleas were neither knowing nor voluntary; and (c) the district court, after revoking probation, imposed a sentence in excess of the statutory maximum. We affirm in part and vacate in part with directions.

I

Allen was indicted in the District of Arizona on July 15, 1987 on charges of filing false tax returns in violation of 18 U.S.C. § 287 (the "District of Arizona indictment"). On July 29, 1987, Allen was indicted in the District of Oregon, charged with three counts of making false statements on loan applications in violation of 18 U.S.C. § 1014 (the "District of Oregon indictment"). The District of Arizona indictment subsequently was transferred to the District of Oregon pursuant to Fed.R.Crim.P. 20.

Allen pled guilty to count three of the District of Oregon indictment and to count one of the District of Arizona indictment on October 13, 1987, and was placed on five years probation in both cases. On March 31, 1988, the district court issued an order to show cause why Allen's 1987 probation should not be revoked. The district court found that Allen violated the terms of the 1987 probation order, and entered an order modifying the terms of Allen's probation.

On May 12, 1991, Allen filed a pro se § 2255 motion attacking the 1987 federal judgment and sentence, asserting *inter alia,* that due to ineffective assistance of counsel, the guilty pleas were not entered knowingly and voluntarily. Following appointment of counsel, Allen filed an amended § 2255 motion. The district court granted the Government's motion to dismiss Allen's amended § 2255 motion on December 30, 1991. Allen filed a notice of appeal on January 6, 1992. We affirmed the district court's denial of Allen's § 2255 motion. *See United States v. Allen,* No. 92–35176, 1992 WL 344931 (9th Cir.1992) (unpublished table decision).

On December 15, 1993, Allen was indicted by a federal grand jury on forty-seven counts of making false statements to financial institutions in violation of 18 U.S.C. § 1014. Allen was convicted on thirty-five of the forty-seven counts of the 1993 indictment on January 31, 1994. The court held a combined sentencing and probation revocation hearing on October 11, 1994. Allen was sentenced to 46 months imprisonment on the 1994 convictions. Following the imposition of sentence on the 1994 convictions, the court found that Allen had violated the terms of the 1988 probation order and sentenced Allen to five years imprisonment on the 1987 District of Arizona offense and two years imprisonment on the 1987 District of Oregon offense. These sentences were ordered to be served concurrently, but consecutively to the concurrent sentences totaling forty six months imposed for the 1994 convictions.

Allen timely appealed from the district court's decision revoking the 1988 probation order and imposing the five-year and two-year concurrent sentences on the 1987 federal offenses. We affirmed the order revoking probation and the sentencing decision. *See United States v. Allen,* No. 94–30391/92, 1996 WL 10244 (9th Cir. Jan. 9, 1996) (unpublished table decision).

On August 21, 1996, Allen filed this § 2255 motion attacking both the 1994 probation revocation and the 1987 judgments of conviction. The district court dismissed Allen's petition on the merits in an order dated April 2, 1997.

█ In his brief before this court, Allen argues that (1) "[d]efendant's [1987] plea was not knowing and voluntary because his attorney gave him incorrect advice on material issues;" (2) "he received ineffective assistance of counsel [at the 1994 probation revocation hearing] when his attorney failed to advocate for defendant's right to allocution;" (3) "[d]efendant's attorney [at the 1994 probation revocation hearing] was ineffective for failing to argue for a sentence under 18 U.S.C. § 4205(b);" and (4) "the district court sentenced defendant beyond the statutory maximum." We review *de novo* a district court's decision to grant or deny a federal prisoner's § 2255 motion. *United States v. Pirro,* 104 F.3d 297, 299 (9th Cir.1997). We affirm the district court's decision as it pertains to Allen's ineffective assistance claims. We vacate the district court's decision on the merits dismissing Allen's claims concerning the validity of the guilty pleas underlying the probation order because we conclude that the court lacked jurisdiction to consider those claims. We reject Allen's claim, raised for the first time on appeal, that his sentence exceeded the statutory maximum.

## II

Allen maintains that his 1987 guilty pleas to count three of the District of Oregon indictment and to count one of the District of Arizona indictment were "not knowing and voluntary because his attorney gave him incorrect advice on material issues." Allen suggests that his attorney's performance was deficient in two respects. First, Allen asserts that his attorney erroneously advised him as to the effect certain prior state convictions would have on the length of his sentence if he rejected the plea agreement and

was found guilty on all counts in the District of Oregon and District of Arizona indictments. This issue was raised by Allen in his first § 2255 motion. We affirmed the district court's denial of that motion. *Allen,* 1992 WL 344931 (holding that "Allen's counsel's performance was not shown to be deficient in a way which prejudiced Allen's defense"). Rule 9(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (" § 2255 Rule 9(b)") states: "A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds and the prior determination was on the merits...." § 2255 Rule 9(b). In his brief, Allen correctly concedes that he is precluded from raising this claim for a second time.

Allen also argues that "he was induced to plead guilty because his trial attorney gave him inaccurate advice as to certain evidence...." Specifically, Allen contends that "he believed he was guilty only because his trial attorney told him the evidence showed that he was guilty." The evidence included certain loan documents which Allen only became aware of in 1994, and which he now alleges were forgeries. Allen asserts that if he "had known that the evidence consisted of forged loan documents, he would not have plead [sic] guilty."

■ Although this argument contains new factual allegations, it is still successive within the meaning of § 2255 Rule 9(b). In *United States v. Gutierrez,* 116 F.3d 412 (9th Cir. 1997), we explained that a " 'ground is successive if the basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments.' " *Id.* at 416 (quoting *Molina v. Rison,* 886 F.2d 1124 (9th Cir.1989)). " '[I]dentical grounds may often be proved by different factual allegations....' " *Id. See also Sanders v. United States,* 373 U.S. 1, 15, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); *Williams v. Calderon,* 83 F.3d 281, 286 (9th Cir.1996)(rejecting an ineffective assistance of counsel claim as successive); *Cunningham v. Estelle,* 536 F.2d 82, 83 (5th Cir.1976)(holding that a habeas petitioner cannot raise an incompetency of counsel claim in a successive petition "by

simply varying the factors that he claims demonstrate incompetency"). Allen's contention is that he was denied the effective assistance of counsel at the 1987 change of plea hearing at which he pleaded guilty to count three of the District of Oregon indictment and to count one of the District of Arizona indictment. This same ground was raised in his first § 2255 motion. Hence, it is a successive claim.

Because Allen previously filed a § 2255 motion attacking the 1987 judgments of conviction, any subsequent claims collaterally attacking those convictions are subject to the provisions of § 2255 regarding second or successive motions. Section 2255 states in pertinent part:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

■ 28 U.S.C. § 2255. Allen did not request the requisite certification from this court prior to filing this § 2255 motion in which he has raised a successive claim. We conclude that the district court lacked jurisdiction to consider the merits of Allen's claim that the 1987 guilty pleas were not made knowingly and voluntarily. *See Nelson v. United States,* 115 F.3d 136 (2d Cir.1997).

### III

The district court had jurisdiction to consider Allen's claim that he received ineffective assistance of counsel at his 1994 probation revocation hearing because that issue had not been previously raised in a collateral attack on the district court's judgment. Having successfully crossed that jurisdictional barrier, however, Allen is immediately con-

fronted with another. A petitioner seeking appellate review of a district court's denial of a § 2255 motion must obtain a certificate of appealability ("COA") from a judge of the district court or the court of appeals. 28 U.S.C. § 2253(c).[1] Our jurisdiction to entertain Allen's appeal from the district court's denial of his § 2255 motion is limited by the provisions of 28 U.S.C. § 2253. Consequently, we only have jurisdiction to consider those claims for which Allen has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Allen requested that the district court issue a COA on two issues "involv[ing] ineffective assistance of counsel claims." The COA issued by the district court stated:

> The Court hereby certifies that ... petitioner has made a substantial showing of the denial of constitutional rights involving the following issues: (1) whether petitioner's trial counsel in 1987 was ineffective for inaccurately advising him that his uncounseled prior convictions could be used to enhance his sentence; and (2) whether petitioner's attorney at his probation revocation hearing was ineffective for failing to assert petitioner's right to allocution after the court revoked his probation.

■ As discussed above, Allen is precluded from raising the issue regarding the effectiveness of his trial counsel at the 1987 proceedings because the district court lacked jurisdiction to review a successive claim without leave of this court. The district court's COA makes no reference to Allen's present claim that his attorney failed to argue for a more lenient sentence under 18 U.S.C. § 4205(b). Allen failed to file a request with this court for a COA on the § 4205(b) claim. Under the law of this circuit, however, this failure is not a procedural bar to our consideration of any issues not listed in the district court's COA. In *United States v. Cruz-Men-*

*doza,* 147 F.3d 1069 (9th Cir.1998), we held that "where a district judge has issued a COA on some but not all of the issues, we will treat the briefing of an uncertified issue as a request for a COA and first decide whether one should issue." *Id.* at 1074. We are persuaded that Allen has made a substantial showing of a denial of a constitutional right regarding his claim that his attorney at the 1994 probation revocation hearing was ineffective. *See* 28 U.S.C. § 2253. Accordingly, we turn to a consideration of the merits of that claim.

### IV

■ Allen argues that he "received ineffective assistance of counsel when his attorney failed to advocate for defendant's right to allocution at the trial and appeal level." The district court rejected Allen's contention. We review *de novo* the question whether a defendant received ineffective assistance of counsel. *See United States v. McMullen,* 98 F.3d 1155, 1157 (9th Cir.1996).

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court established a two-part test to evaluate claims of ineffective assistance of counsel. First, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88, 104 S.Ct. 2052. Second, "the defendant [must] affirmatively prove prejudice.... The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 693–94, 104 S.Ct. 2052. "[T]here is no reason for a court deciding an ineffective assistance claim to ... address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697, 104 S.Ct. 2052. "Failure to make the required showing of either deficient perfor-

---

1. 28 U.S.C. § 2253(c) states in pertinent part:
   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
   ...
   (B) the final order in a proceeding under section 2255.
   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has

made a substantial showing of the denial of a constitutional right.
   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).
28 U.S.C. § 2253(c) (West Supp.1998).

mance or sufficient prejudice defeats the ineffectiveness claim." *Id.* at 700, 104 S.Ct. 2052.

Allen argues that he "was never given the opportunity to address the court on the probation violation because the court sentenced him on the probation violation immediately after finding the violation." The Government maintains that the district court afforded Allen his right to allocution prior to imposing sentence. Consequently, argues the Government, Allen's ineffective assistance claim lacks a factual basis.

■ The record shows that the district court substantially complied with its duty to accord Allen his right to allocution before imposing sentence. Allen's argument rests on the notion that he was entitled to two distinct opportunities to address the court—before the imposition of his sentence for the new convictions, and prior to the imposition of sentence after revocation of his probation. Allen claims that affording him the opportunity to be heard prior to the imposition of sentence upon the new convictions was inadequate to protect his right to allocution because the district court had not yet found that he had violated his probation. This distinction is irrelevant.

Rule 32(c)(3) of the Federal Rules of Criminal Procedure establishes the right to allocu-

tion. It states in pertinent part: *"Before imposing sentence*, the court must … address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence." Fed. R.Crim.P. 32(c)(3)(C) (emphasis added). Here, Allen was afforded an opportunity to address the court before the district court imposed sentence for the probation revocation. Allen used this opportunity to discuss matters relating both to the 1994 convictions and to the alleged probation violations.[2] Allen has failed to demonstrate that his attorney acted unreasonably in not requesting that his client be granted a second opportunity to address the court.[3]

■ Allen also contends that he was denied effective assistance of counsel at the probation revocation hearing because his attorney failed to argue for an early parole eligibility date under 18 U.S.C. § 4205(b).[4] Application by the district court of § 4205(b) could have made Allen eligible for parole at an earlier date than under § 4205(a). To prevail on this ineffective assistance claim, Allen is required to show that his attorney's failure to advocate for the application of § 4205(b) was unreasonable and that this failure was prejudicial. *See Strickland,* 466

---

2. Regarding the probation revocation and sentence, Allen stated in pertinent part:

> Your Honor, as far as the probation goes, the—all during the time I was on probation, I made the [restitution] payments monthly. [W]hen I sold the interest in my property, we paid off the restitution. . . .
>
> So it seems strange to me that giving me five years of maximum penalty would—would sort of diffuse the fact that I did some—I paid the restitution back, and I paid it when it was due, and monthly, and we got it paid back 100 percent.
> . . .
> When I came back to Oregon, I had no problems. There was no—no criminal conduct, or anything else, so the whole—the whole probation has not been—been totally bad.
> . . .
> And that's—that's about all, Your Honor, of those things that bothered me, and I wanted the Court to be aware of that.

3. Allen admits that "it is easy to see how defendant's attorney made the mistake of not advocating for his client's right to allocution." This concession by Allen undermines his contention

that his attorney did not act reasonably under the circumstances.

4. 18 U.S.C. § 4205 was repealed in 1987. Section 4205 is applicable here because the offenses underlying Allen's probation were committed in 1982. Section 4205 stated in pertinent part:

> (a) Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms. . . .
> (b) Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interests of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than but shall not be more than one-third of the maximum sentence imposed by the court. . . .

18 U.S.C. § 4205 (West Supp.1998)(repealed 1987).

U.S. at 687–88, 693–94, 104 S.Ct. 2052. Allen fails to satisfy either prong of the *Strickland* analysis. In light of the circumstances surrounding the revocation of Allen's probation, it is unlikely that the district court would have exercised its discretion to make Allen eligible for parole at an earlier date than required by § 4205(a).

Efforts by Allen's counsel to obtain less than a maximum sentence for Allen were rebuffed by the court. Allen's attorney requested the court to "go to the low end of the guideline range" in sentencing Allen on the new 1994 convictions. In regards to the probation violations, Allen's attorney asked the district court to "not only run the two probation violations concurrent with each other, but that ... the Court use its discretion and give Allen a lower sentence on those...." The court sentenced Allen to a total of forty-six months on the 1994 convictions—the high-end of the guideline range. On the probation violations, the court sentenced Allen to five years for the Arizona offense, to be served concurrently to the two-year sentence for the Oregon offense. Consequently, it was not unreasonable for Allen's counsel to refrain from asking the court to consider setting an early parole eligibility date pursuant to § 4205(b). Furthermore, as the court had clearly expressed its intention to impose the maximum sentence for Allen's violation of probation, it is unlikely that the district court would have afforded Allen an early parole eligibility date had Allen's counsel made such a request. At the sentencing hearing, the district court stated: "The fact is that Mr. Allen has revealed himself to be a fraud, a cheat, and a liar who wreaks havoc on the community. I have selected the high end of the guideline range ... in consideration of the defendant's background, character, and conduct." Allen has failed to demonstrate that his counsel's failure to invoke section 4205(b) was unreasonable.

## V

Allen argues that the district court imposed a five-year sentence for violating probation on the 1987 Oregon offense—exceeding the two-year statutory maximum sentence allowed for violation of 18 U.S.C.

§ 1014. Allen not only failed to raise this issue on direct appeal of the probation revocation, *see Allen,* 1996 WL 10244, he also failed to raise it in the § 2255 motion now before this court.

As a general rule, "[h]abeas claims that are not raised in the petition before the district court are not cognizable on appeal." *Cacoperdo v. Demosthenes,* 37 F.3d 504, 507 (9th Cir.1994). We have recognized an exception to this rule, however, if "the issue has been briefed fully on the merits [so that] the government will not be prejudiced if we consider it." *United States v. Fonseca–Caro,* 114 F.3d 906, 907 n. 2 (9th Cir.1997), *cert. denied,* — U.S. —, 118 S.Ct. 895, 139 L.Ed.2d 880 (1998). Here, both parties have briefed the issue and it is unlikely that the Government will be prejudiced by our consideration of what amounts to a mere scrivener's error by the clerk in drafting the judgment.

The written order imposing Allen's sentence for violating his probation transposed case numbers 87–60027 and 87–60039. It states in pertinent part:

> IT IS ADJUDGED that defendant is committed to the custody of the Attorney General ... for imprisonment *as to CR 87–60027* for a period of five (5) years ... and *as to CR 87–60039* for a period of two (2) years, to be served concurrently with the five (5) year sentence imposed in CR 87–60027....

As written, the sentence in CR 87–60027 (the District of Oregon case) clearly exceeds the two-year statutory maximum for violations of 18 U.S.C. § 1014 which was in effect in 1987. However, at the sentencing hearing, the district court pronounced Allen's sentence as follows:

> With reference to the probation violations which ... I find occurred ... by this very conduct for which he's been convicted here in the case numbers that I have mentioned....
>
> ....
>
> [A]s to Count 1, the defendant is sentenced to five years in custody....
>
> As to Count 3, the defendant is sentenced to two years in custody to be served

concurrently to the five years imposed to the probation violation in Count 1....

In 1987, Allen pled guilty to Count Three of the District of Oregon indictment, and to Count One of the District of Arizona indictment. The court's oral pronouncement of sentence for the 1987 Oregon offense (Count Three of the 1987 District of Oregon indictment) does not exceed the two-year statutory maximum sentence.

 "In cases where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment and commitment, this [c]ourt has uniformly held that the oral pronouncement, as correctly reported, must control. The only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant." *United States v. Hicks*, 997 F.2d 594, 597 (9th Cir.1993)(quoting *United States v. Munoz–Dela Rosa*, 495 F.2d 253, 256 (9th Cir.1974)). Allen contends that the oral sentence here is ambiguous because it refers to Count One and Count Three, rather than to the actual case numbers. However, Allen himself points out that, "[l]anguage is ambiguous when it is capable of two or more different constructions, both of which are reasonable." The court's oral pronouncement of sentence, with reference to Count One and Count Three, only is capable of one *reasonable* construction. It would be unreasonable to ignore the terminology used in the 1987 plea agreements and to construe the court's oral pronouncement as imposing a sentence of five years where the statutory maximum is two. The oral pronouncement was thus unambiguous, and it controls here. *See Hicks*, 997 F.2d at 597. Accordingly, we conclude that the district court did not impose a sentence in excess of the statutory maximum.

## CONCLUSION

We affirm the denial of Allen's claim that his attorney was ineffective at the probation revocation hearing. We reject Allen's claim that the district court imposed a sentence in excess of the statutory maximum. We vacate the judgment of the district court as to the merits of Allen's claims that his 1987 guilty pleas were not made knowingly and voluntarily, and remand with directions for the district court to dismiss those claims for lack of jurisdiction.

AFFIRMED IN PART. VACATED AND REMANDED IN PART WITH DIRECTIONS.