**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Melvin James BEE, Jr., Defendant–
Appellant.**

No. 02–10019.
D.C. No. CR–97–00464–ROS–01.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 19, 2002.

Before HUG, O'SCANNLAIN and
TASHIMA, Circuit Judges.

MEMORANDUM **

Melvin James Bee, Jr. appeals the district court's written order following Bee's violation of the terms of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the legality of a sentence, *United States v. Tighe*, 266 F.3d 1187, 1190 (9th Cir.2001), and we affirm.

Bee contends the district court's written judgment of sentence is invalid to the extent it imposes supervised release following a term of imprisonment, because it is inconsistent with the court's prior oral pronouncement of sentence imposing a term of imprisonment only.

Where the oral pronouncement of a defendant's sentence is unambiguous, but differs from the written sentence, the oral sentence controls. *See United States v. Allen*, 157 F.3d 661, 668 (9th Cir.1998). Where the oral pronouncement of sentence is ambiguous, and the written sentence resolves the ambiguity, the written sentence controls. *See Fenner v. United States Parole Comm.*, 251 F.3d 782, 787 (9th Cir.2001). The judge's intent with regard to the terms of a sentence must be determined by reference to the entire record. *See Fenner*, 251 F.3d at 786.

Considering the sentencing colloquy in its entirety, the judge unambiguously sentenced Bee to a term of imprisonment followed by supervised release. Even if we considered the oral sentence ambiguous regarding supervised release, the written sentence resolved the ambiguity. Accordingly, the court's written judgment sets forth the proper sentence.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.