**UNITED STATES of America, Plaintiff—Appellee,**

v.

**William Jose MATTIA, Billy, Defendant—Appellant.**

No. 03–10405.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2004.

Decided May 24, 2004.

Bruce M. Ferg, Esq., Sandra Marie Hansen, Tucson, AZ, for Plaintiff–Appellee.

Ralph E. Ellinwood, Esq., Tucson, AZ, for Defendant–Appellant.

Before: B. FLETCHER, TROTT, and FISHER, Circuit Judges.

810

## MEMORANDUM *

William Jose Mattia ("Mattia") appeals the district court's order amending his original judgment pursuant to Fed. R.Crim.P. 36, which permits correction of clerical errors. The oral pronouncement of sentence was consistent with the court's intent. The written judgment, however, omitted a key provision that resulted in Mattia's early release. Mattia argues that the omission was not simply a clerical mistake and that Rule 36 does not permit the district court to amend the written judgment under these facts. We disagree.

Rule 36 states, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment. . . ." FED. R.CRIM. P. 36. The record clearly demonstrates that the written judgment did not accurately reflect the oral pronouncement. On September 16, 2002, the district judge ordered that Mattia "be sentenced to 24 months of custody plus 651 days of official detention adjustment." The written judgment failed to include the 651 days of official detention adjustment.

The law in this circuit dictates that "[i]n cases where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment and commitment, . . . the oral pronouncement, as correctly reported, must control. The only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant." *United States v. Allen,* 157 F.3d 661, 668 (9th Cir.1998) (quoting *United States v. Hicks,* 997 F.2d 594, 597 (9th Cir.1993)). Upon a full reading of the record, it is clear that the oral pronouncement was an accurate description of the sentence intended by both parties, and that the omis-

sion in the written judgment was exactly the kind of error that Rule 36 was designed to correct. AFFIRMED.

B. FLETCHER, Circuit Judge, dissenting.

FLETCHER, Circuit Judge.

I respectfully dissent. It was clear from the oral pronouncement of sentence that the period of incarceration was extended. But it was equally clear that this extension was intended to make Mattia eligible for sexual offender therapy at a Bureau of Prisons facility in Butner, North Carolina—treatment that the defendant and the government agreed was needed. The error in the written judgment meant that Mattia was ineligible for therapy in Butner, which required a minimum of twenty-four months' custody. The transfer was not made; no treatment was provided. The defendant has already served a sentence commensurate with the Guidelines. More than a mere clerical error is involved here.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.