UNITED STATES of America,
Plaintiff—Appellee,

v.

Rafael CORNEJO, Defendant—
Appellant.

No. 04–10367.

D.C. No. CR–92–00403–TEH.

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 2005.*

Decided April 18, 2005.

Kevin B. Ryan, David C. Hall, USSF—Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Rafael Cornejo, Adelanto, CA, pro se.

Before KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

## MEMORANDUM**

Federal prisoner Rafael Cornejo appeals pro se the district court's order denying his Federal Rule of Civil Procedure 60(b) motion. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and remand in part.

Cornejo contends that the district court erroneously construed his Rule 60(b) motion as an attempt to file a successive federal habeas petition.

Because the factual predicate for Cornejo's Rule 60(b) motion states a claim for a successive 28 U.S.C. § 2255 motion, we conclude that the district court properly treated his motion as a second or successive § 2255 motion. *Thompson v. Calderon,* 151 F.3d 918, 921 (9th Cir.1998) (en banc). Because Cornejo did not obtain permission to file a successive § 2255 motion, the district court lacked jurisdiction to hear his Rule 60(b) motion. *See* 28 U.S.C. §§ 2244(b)(3) and 2255; *United States v. Allen,* 157 F.3d 661, 664 (9th Cir.1998).

Because the government concedes there was an error in the recording of the judgment, we remand with instructions to the district court to correct the judgment to reflect a not guilty verdict on count seventeen. *See* Fed. R.Crim. Pro. 36. We direct the district court to hold open this case for a reasonable period to permit Cornejo to seek whatever relief may be available pursuant to the corrected judgment.

**AFFIRMED in part, REMANDED in part.**[1]

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Cornejo's motion to file a supplemental brief to recall the mandate, received on February 28, 2005, is denied.