**UNITED STATES of America, Plaintiff—Appellee,**

v.

**William Henry COLLIER, Defendant—Appellant.**

**No. 04–10167.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 16, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Karyn Kenney, Esq., Las Vegas, NV, for Plaintiff–Appellee.

William Henry Collier, Atwater, CA, pro se.

Before: REINHARDT, RYMER and HAWKINS, Circuit Judges.

## MEMORANDUM**

William Henry Collier appeals the district court's order denying his motion to dismiss the indictment. We dismiss for lack of jurisdiction.

Collier's instant motion alleged that the district court did not have subject matter jurisdiction because the indictment failed to state a complete offense. Although Collier presented his motion as one pursuant to Federal Rule of Criminal Procedure 12(b), it is duplicative of his unsuccessful 28 U.S.C. § 2255 motion. Both the district court and this court denied Collier's request for a certificate of appealability ("COA") on this claim. Collier cannot avoid the jurisdictional requirements of the Antiterrorism and Effective Death Penalty Act by styling his motion under another name. *Cf. United States v. Mathews,* 833 F.2d 161, 164 (9th Cir.1987). Because Collier failed to obtain a COA from the district court or this court, the appeal must be dismissed for lack of jurisdiction. *See* 28 U.S.C. § 2253(c); *United States v. Allen,* 157 F.3d 661, 665 (9th Cir.1998).

To the extent that Collier's motion can be construed as a request for authorization to file a second or successive § 2255 motion in the district court, it is denied. *See* 28 U.S.C. § 2255.

DISMISSED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.