UNITED STATES of America,
Plaintiff–Appellee,

v.

Olaf Peter JUDA, Defendant–Appellant.

No. 06–15386.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

Dennis Michael Nerney, AUSA, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Olaf Peter Juda, Taft, CA, pro se.

Before: LEAVY, McKEOWN, and GOULD, Circuit Judges.

MEMORANDUM **

Federal prisoner Olaf Peter Juda appeals pro se from the district court's order denying his Federal Rule of Civil Procedure 60(b) motion. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Juda contends that the district court erroneously construed his Rule 60(b) motion as an attempt to file a successive federal habeas motion under 28 U.S.C. § 2255. However, because Juda's Rule 60(b) motion seeks to relitigate issues on the merits, we conclude that the district

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

court properly treated his motion as a second or successive § 2255 motion. *See Gonzalez v. Crosby,* 545 U.S. 524, 125 S.Ct. 2641, 2649, 162 L.Ed.2d 480 (2005) ("[A] Rule 60(b) motion that seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition."); *Thompson v. Calderon,* 151 F.3d 918, 921 (9th Cir.1998) (en banc). Juda did not obtain authorization to file a successive § 2255 motion, and thus the district court lacked jurisdiction to consider his claims. *See* 28 U.S.C. §§ 2244(b)(3) and 2255; *see also United States v. Allen,* 157 F.3d 661, 664 (9th Cir.1998).

■ Juda's request that this court construe his appeal as a request for authorization to file a successive 28 U.S.C. § 2255 motion in the district court is denied. Juda has not made a prima facie showing of:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

No petition for rehearing or motion for reconsideration shall be filed in this case. *See* 28 U.S.C. § 2244(b)(3)(E).

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.