**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John Wesley RESHARD, a/k/a Anthony Williams, Defendant–Appellant.**

No. 05–50943.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.[*]

Filed Dec. 12, 2006.

Becky S. Walker, Esq., Gregory A. Lesser, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Elizabeth A. Newman, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: GOODWIN, RYMER, and FISHER, Circuit Judges.

MEMORANDUM [**]

John Wesley Reshard appeals from the sentence imposed following his guilty plea

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

conviction for conspiracy, possession of fifteen or more unauthorized access devices, and possession of device-making equipment, all in violation of 18 U.S.C. § 1029(a)(3), (a)(4), and (b)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Reshard contests the district court's entry of an amended judgment requiring him to pay $141,276.60 in restitution. Reshard asserts that, at sentencing and in the original judgment, the district court imposed a requirement that he pay $140,276.60, an amount different than the sum required by the amended judgment.

He notes that in *United States v. Allen*, 157 F.3d 661, 668 (9th Cir.1998), this court held that "where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment and commitment, this Court has uniformly held that the oral pronouncement, as correctly reported, must control." He asserts that the district court's oral pronouncement at sentencing was controlling over the district court's subsequent amendment to the written judgment. We disagree.

*Allen* only applies in situations in which an orally-pronounced sentence is unambiguous. Here, both at sentencing and in its original judgment, the district court's pronouncements were ambiguous because the district court required that Reshard was required to pay $140,276.60 in restitution and that "the amount of restitution shall be paid *as set forth on a list attached to this judgment*" (emphasis added). The district court later determined, however, that the list amount was $141,276.60, not $140,276.60, as originally assumed.

Because the district court specifically stated at sentencing that it intended that

the restitution award reflect the amount specified on the list, the district court did not err in subsequently correcting the judgment to reflect this intent. *See* Fed. R.Crim.P. 35(a); *see also Fenner v. United States Parole Comm'n*, 251 F.3d 782, 786 (9th Cir.2001) ("[T]o the extent that there is an ambiguity in the sentence, we properly may consider the sentencing judge's subjective intent.").

**AFFIRMED.**