**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jose GARCIA–MENDEZ, Defendant—**
**Appellant.**

**No. 05–50917.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 13, 2006.

Becky S. Walker, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Denise D. Willett, USR–Office of the U.S. Attorney, Riverside, CA, for Plaintiff–Appellee.

Davina T. Chen, Esq., FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: GOODWIN, RYMER and FISHER, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM ***

Jose Garcia–Mendez appeals from the 63–month sentence imposed following his guilty-plea conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the sentence and remand with instructions to correct the judgment.

Garcia–Mendez contends that the district court erred in sentencing him pursuant to 8 U.S.C. § 1326(b)(2) to more than the two-year statutory maximum set forth in § 1326(a), and that in light of subsequent Supreme Court decisions, *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is not binding precedent. These contentions are foreclosed. *See United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006).

Garcia–Mendez's contention that the district court plainly erred in requiring him to submit to drug and alcohol testing "as instructed by the probation officer" is also foreclosed. *See United States v. Maciel–Vasquez,* 458 F.3d 994, 996 (9th Cir.2006).

Finally, Garcia–Mendez contends that the written judgment must be modified to conform to the oral pronouncement because the judgment includes two conditions of supervised release that were not imposed at his sentencing hearing: (1) that Garcia–Mendez report to the Probation Office within 72 hours of any reentry to the United States; and (2) that Garcia–Mendez shall not use, "for any purpose or in any manner, any name other than his [ ] true legal name." Where, as here, the oral pronouncement of a defendant's sentence is unambiguous, but differs from the writ-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ten sentence, the oral sentence controls. *See United States v. Allen,* 157 F.3d 661, 668 (9th Cir.1998). Accordingly, we remand to the district court with instructions to correct the written judgment to conform to the oral pronouncement. *See United States v. Hicks,* 997 F.2d 594, 597 (9th Cir.1993).

On remand, the district court is further instructed to delete from the judgment the incorrect reference to 8 U.S.C. § 1326(b)(2). *See United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000).

**AFFIRMED; REMANDED.**