**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50349 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00051-SVW-1 |
| v. | |
| RODOLFO AMAVIZCA TAMAYO, AKA Rudolpho Amavizca, AKA Rudy Tamayo Amavizca, AKA Rudy Amauizca, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted April 8, 2010[**]
Pasadena, California

Before: SILVERMAN and GRABER, Circuit Judges, and SCULLIN,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Frederick J. Scullin, Jr., Senior United States District Judge for the Northern District of New York, sitting by designation.

Defendant appeals the 48-month prison sentence the district court imposed following his open guilty plea to unlawful reentry by an alien previously removed after an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a)-(b). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). For the following reasons, we affirm in part, but vacate and remand in part to correct the judgment.

First, we reject as foreclosed Defendant's argument that the district court improperly assessed criminal history points for his most recent vandalism offense instead of treating it as conduct relevant to the instant immigration offense. *See United States v. Cruz-Gramajo*, 570 F.3d 1162, 1168-74 (9th Cir.), *cert. denied*, 130 S. Ct. 646 (2009). We likewise find no plain error in the district court's assessment of an additional criminal history point because Defendant committed the instant immigration offense while in custody. Assessing this additional point was not a clear error of law and, even if error, Defendant still would have qualified as a Category VI offender without the extra point. *See Cruz-Gramajo*, 570 F.3d at 1174-75; U.S.S.G. ch. 5, pt. A.

Second, we reject Defendant's argument that the district court procedurally erred by failing to consider his arguments on mitigation and by resting its decision on clearly erroneous facts. When it imposed sentence, the district court made clear

that it had "considered the guidelines, the recommendation of the probation department, and the [parties'] arguments and pleadings," as well as the statutory sentencing factors. *See Rita v. United States*, 551 U.S. 338, 356 (2007); *United States v. Daniels*, 541 F.3d 915, 922 (9th Cir. 2008), *cert. denied*, 129 S. Ct. 1600 (2009). Moreover, the district court did not clearly err by characterizing one of Defendant's crimes as a "weapons violation" or by noting that Defendant "defrauds innkeepers." The presentence investigation report, to which Defendant did not object, noted that Defendant violated statutes criminalizing assault with a deadly weapon and defrauding innkeepers.

Third, Defendant's sentence was substantively reasonable. Although Defendant presented evidence of a brain injury and his benign motivation for committing the instant offense, the district court justifiably found that the balance of the other factors under 18 U.S.C. § 3553(a) warranted greater punishment. The district court therefore did not abuse its discretion in concluding that the applicable Guidelines range of 33 to 41 months failed to account for either the entirety of Defendant's extensive criminal history (which included more than a half-dozen unlawful reentries and several violent crimes) or his demonstrable recidivist tendencies. The 48-month sentence adequately reflects the § 3553(a) factors and was not unreasonable under the circumstances.

The reasonableness of the sentence is unaffected by the district court's failure to go along with the 21-month sentence to which the parties stipulated in their plea agreement. Contrary to Defendant's argument, the district court did consider their agreement—which plainly stated that the district court was not bound by it—but ultimately rejected it as inadequate. Defendant has also failed to demonstrate how his sentence creates unwarranted sentencing disparities among similarly situated defendants. He has not identified a similarly situated defendant who received a lesser sentence.

Fourth, the district court did not abuse its discretion by rejecting the parties' plea agreement. District courts enjoy "broad discretion when choosing to accept or reject plea agreements." *Morgan v. U.S. Dist. Court*, 506 F.3d 705, 708 (9th Cir. 2007). The district court was required to "provide individualized reasons for rejecting the agreement, based on the specific facts and circumstances presented." *Id.* at 711-12. That is precisely what the district court did here, basing its decision on a reasonable determination that the agreed-upon sentence was inadequate in light of Defendant's criminal history.

Fifth, we reject as foreclosed Defendant's argument that the Fifth Amendment prohibits a supervised release condition requiring him to report to

probation within 72 hours of his reentry into the country. *See United States v. Rodriguez-Rodriguez*, 441 F.3d 767, 772-73 (9th Cir. 2006).

However, as the Government concedes, the case must be remanded so that the district court can conform the written judgment to the oral pronouncement of sentence with respect to supervised release conditions 2, 4, 5, and 6. *See United States v. Allen*, 157 F.3d 661, 668 (9th Cir. 1998).

**AFFIRMED in part; VACATED and REMANDED in part.**