FILED

NOT FOR PUBLICATION

JUN 11 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50161 |
| Plaintiff - Appellee, | D.C. No. 2:88-cr-00983-TJH |
| v. | |
| DARNELL GARCIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

California state prisoner Darnell Garcia appeals pro se from the district

court's judgment dismissing his habeas petition. We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Garcia contends that he has served more time than is necessary because the district court did not modify his presentence investigation report ("PSR"), or order a supplemental report, to reflect the sentence reduction that he received on direct appeal. Garcia's petition challenges the legality, rather than the execution, of his sentence, and his claims do not qualify for the savings clause of 28 U.S.C. § 2255, whereby a prisoner may challenge his sentence in a 28 U.S.C. § 2241 petition. We therefore construe this appeal as a successive § 2255 motion, which must be certified by this court before it can be presented to the district court. *See Harrison v. Ollison*, 519 F.3d 952, 956, 959-960 (9th Cir. 2008). The district court therefore lacked jurisdiction to consider this claim. *See* 28 U.S.C. § 2244(b); *see also United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998).

We construe Garcia's notice of appeal as a request for a certificate of appealability on the issue of whether his motion was properly dismissed as second or successive without authorization. So construed, the motion is denied. *See* 9th Cir. R. 22-1(d); *see also Slack v. McDaniel*, 529 U.S. 473, 483-85 (2000).

**AFFIRMED.**