**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-56982 |
| Plaintiff - Appellee, | D.C. Nos.    3:10-cv-00593-WQH |
| v. | 3:07-cr-03021-WQH |
| PEDRO CRUZ-TERCERO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted September 27, 2011[**]

Before:    HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

Federal prisoner Pedro Cruz-Tercero appeals pro se from the district court's

orders denying his motion under 28 U.S.C. § 2255 and his motion for

reconsideration. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

----

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cruz-Tercero contends that the district court erred by denying his habeas motion and motion to reconsider because he received ineffective assistance of counsel when his trial attorneys failed to advise him adequately to accept the plea agreement offered by the government rather than proceed to trial. The district court did not err in rejecting this claim because Cruz-Tercero has not shown that his attorneys' performance was deficient or that it is reasonably likely that he would have received a shorter sentence but for his attorneys' performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The district court did not abuse its discretion by denying an evidentiary hearing based on the record before it. *See Turner v. Calderon*, 281 F.3d 851, 890 (9th Cir. 2002).

To the extent that Cruz-Tercero sought to advance new grounds for relief in his motion to reconsider, the district court properly denied these claims as an improper successive § 2255 motion. *See* 28 U.S.C. § 2255(h); *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998).

**AFFIRMED.**