FILED

APR 11 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50177 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00842-DSF |
| v. | |
| CESAR VARELA-CRUZ, a.k.a. Cesar Varela Cruz, a.k.a. Cesar Vrela Cruz, a.k.a. Feliciano Sandoval Hernandez, a.k.a. Sebastian Torres Rubio, a.k.a. Ceasar Cruz Varela, a.k.a. Cesar Cruz Varela, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted April 7, 2014[**]

Before:     TASHIMA, GRABER, and IKUTA, Circuit Judges.

Cesar Varela-Cruz appeals from the district court's judgment and challenges

the 77-month sentence imposed following his guilty-plea conviction for being an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

illegal alien found in the United States after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm, but remand to correct the judgment.

Varela-Cruz contends that his sentence is substantively unreasonable because (i) the district court gave too much weight to his offense conduct and criminal history, to the exclusion of his mitigating factors and remaining 18 U.S.C. § 3553(a) sentencing factors and (ii) it creates an unwarranted sentencing disparity between his sentence and the sentences imposed on defendants with similar criminal histories prosecuted under the fast-track program. The district court did not abuse its discretion in imposing Varela-Cruz's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The disparity between Varela-Cruz's sentence and the sentences imposed under the fast-track program is not unwarranted and, therefore, does not violate 18 U.S.C. § 3553(a)(6). *See United States v. Marcial-Santiago*, 447 F.3d 715, 718-19 (9th Cir. 2006). Moreover, the sentence at the low end of the Guidelines range is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Varela-Cruz's extensive criminal and immigration history. *See Gall*, 552 U.S. at 51; *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) (the weight to be given to the various factors in a particular case is left to the discretion of the

2                                                                                     13-50177

district court).

Varela-Cruz next contends that the case should be remanded to conform the written judgment to the oral pronouncement of supervised release condition number 10. The government agrees that there is a clerical mistake in the judgment. Because the oral pronouncement of the sentence controls when there is a conflict between the oral pronouncement and the written judgment, we remand for the district court to conform the judgment with the oral pronouncement of that condition. *See United States v. Allen*, 157 F.3d 661, 668 (9th Cir. 1998).

**AFFIRMED**; **REMANDED to correct the judgment.**