**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MIGUEL GUTIERREZ-PADILLA, a.k.a.
Ruben Bahena, a.k.a. Miguel Gutierrez
Padilla, a.k.a. Miguel Padilla Gutierrez,

Defendant - Appellant.

No. 14-50303

D.C. No. 3:14-cr-07038-GT

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, Jr., District Judge, Presiding

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges

Miguel Gutierrez-Padilla appeals from the consecutive 18-month sentence

imposed upon revocation of supervised release.  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Gutierrez-Padilla argues that the district court denied him his right of allocution before sentencing him on his violation of supervised release. The record belies his claim. During a consolidated hearing, the court invited Gutierrez-Padilla to speak before imposing sentence on his new conviction for illegal reentry and his violation of supervised release. Thus, Gutierrez-Padilla was given "an opportunity to make a statement and present any information in mitigation," Fed. R. Crim. P. 32.1(b)(2)(E), before sentence was imposed. *See United States v. Allen*, 157 F.3d 661, 666 (9th Cir. 1998).

Next, Gutierrez-Padilla alleges that the court failed to calculate his Guidelines range. However, the record shows that the court adopted the correctly-calculated Guidelines range proposed by the probation officer.

Finally, Gutierrez-Padilla contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Gutierrez-Padilla's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The low-end sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**