NOT FOR PUBLICATION

FILED

OCT 04 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 16-10405 |
| Plaintiff-Appellee, | D.C. No. 2:07-cr-00023-MCE-1 |
| v. | |
| **TROY L. CARDOSO,** | **MEMORANDUM**[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted September 12, 2017
San Francisco, California

Before: **KOZINSKI** and **FRIEDLAND**, Circuit Judges, and **BENNETT**,[**] District Judge.

**1.** Since Cardoso's original crime involved possession of child pornography downloaded from the Internet, the supervised release condition restricting his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

access to the Internet was a reasonable measure "'to protect the public from further crimes of the defendant' and 'to afford adequate deterrence to criminal conduct.'" United States v. Antelope, 395 F.3d 1128, 1142 (9th Cir. 2005) (quoting 18 U.S.C. § 3553(a)(2)(B) & (C)).

**2.** Revocation of supervised release must be based on "credible evidence the releasee actually violated the terms of supervised release." United States v. Perez, 526 F.3d 543, 547 (9th Cir. 2008). Cardoso's supervised release conditions expressly required him to follow his probation officer's instructions. The officer informed him when she intended to conduct a home inspection, but Cardoso was not present, thus violating his release condition. Lesson learned.

**3.** Similarly, by frequenting the Fair Oaks house without informing his probation officer, Cardoso failed to follow the officer's instructions that any residence be approved in advance. Ditto.

**4.** A supervised release condition forbidding a releasee to "possess any sexually stimulating or sexually oriented material as deemed inappropriate by [his] probation officer and/or treatment staff," United States v. Bee, 162 F.3d 1232, 1234 (9th Cir. 1998) (alteration in original), does not violate the First Amendment. The district court thus did not err in imposing special release condition 12, which was more narrowly tailored. However, since the oral pronouncement of Cardoso's

release conditions differed from the written judgment, we vacate the district court's judgment so that the written judgment may be conformed to the oral pronouncement.  See United States v. Allen, 157 F.3d 661, 668 (9th Cir. 1998).

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**