NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50303 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00008-BRO-1 |
| v. | |
| MICHAEL ANTHONY SPENCER, AKA C Mike, AKA S Dog, AKA Short Dog, AKA Mark A. Spencer, AKA Twin, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Submitted May 21, 2019**

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Michael Anthony Spencer appeals from the district court's judgment and

challenges his guilty-plea convictions and aggregate 147-month sentence for five

counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

count of brandishing a firearm in furtherance of and during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Spencer's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. Spencer has filed a pro se supplemental brief and two motions for appointment of new counsel, which contain further argument. The government has moved to dismiss the appeal.

Spencer waived his right to appeal his convictions, with the exception of an appeal based on a claim that his pleas were involuntary. Spencer also waived his right to appeal most aspects of his sentence. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief as to the voluntariness of Spencer's pleas, the calculation of the criminal history category, the restitution order, and those supervised release conditions that fall outside the scope of the appellate waiver. We therefore affirm as to those issues. With respect to the remaining issues, we **GRANT** the government's motion to dismiss the appeal except as to standard supervised release conditions five, six, and fourteen, which are unconstitutionally vague. *See United States v. Evans*, 883 F.3d 1154, 1162-64 (9th Cir.), *cert. denied*, 139 S. Ct. 133 (2018); *see also United States v. Watson*, 582 F.3d 974, 977 (9th Cir. 2009) (an appeal waiver does not bar a constitutional challenge to a supervised release condition). We

17-50303

remand for the district court to modify these conditions consistent with our opinion in *Evans*.

The district court ordered that restitution would be paid jointly and severally with Spencer's co-participants in district court case number 2:16-cr-00862-RHW. Because the written judgment failed to include this directive, we remand to the district court with instructions to correct the written judgment to conform to the oral pronouncement. *See United States v. Allen*, 157 F.3d 661, 668 (9th Cir. 1998) (in case of a direct conflict between unambiguous oral pronouncement of sentence and written judgment, oral pronouncement controls).

We decline to address on direct appeal Spencer's pro se claims of ineffective assistance of trial and appellate counsel. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011).

Counsel's motion to withdraw is **GRANTED.** Spencer's pro se motions for appointment of new counsel are **DENIED.**

**AFFIRMED in part; DISMISSED in part; REMANDED with instructions.**