UNITED STATES of America ex rel. Barney P. BENNETT, Petitioner-Appellant,

v.

PEOPLE OF the STATE OF ILLINOIS, Respondent-Appellee.

No. 15091.

United States Court of Appeals
Seventh Circuit.

March 1, 1966.

Certiorari Denied May 16, 1966.

See 86 S.Ct. 1472.

Ohio, 6 Cir., 333 F.2d 678. It may not be used as a substitute for a petition to correct a sentence in the court where the sentence was imposed or as a substitute for habeas corpus in the district court where the alleged unlawful detention occurs. Clark v. Memolo, 85 U.S.App.D.C. 65, 174 F.2d 978. Olney v. State of Ohio, 6 Cir., 341 F.2d 913 and Christopher v. State of Iowa, 8 Cir., 324 F.2d 180, are in accord.

The order of the District Court sustaining defendant's motion to dismiss the complaint is

Affirmed.

Barney P. Bennett, pro se.

William G. Clark, Atty. Gen., Chicago, Ill., Richard A. Michael, Philip J. Rock, Asst. Attys. Gen., for appellee.

Before HASTINGS, Chief Judge, DUFFY, Circuit Judge, and GRUBB, Senior District Judge.

PER CURIAM.

Plaintiff seeks a declaratory judgment that the indictment under which he was convicted in an Illinois state court is null and void.

Plaintiff contends the indictment is predicated upon burglary and larceny, but that the chattel taken was a traveling bag having a value of $25.

Plaintiff was permitted to proceed in forma pauperis. Although plaintiff has no right to proceed under the Federal Declaratory Judgment Act, we suggest that the essence of the crime of burglary in Illinois is the breaking and entering with felonious intent. People v. Stanton, 16 Ill.2d 459, 158 N.E.2d 47. The value of the property actually stolen is not controlling.

The Declaratory Judgment Act cannot be used as a substitute for appeal or habeas corpus, coram nobis or other such procedures. Forsythe v. State of