Lennart A. BENSON, Appellant,

v.

STATE BOARD OF PAROLE & PRO-
BATION et al., Appellees.

No. 21528.

United States Court of Appeals
Ninth Circuit.

Oct. 23, 1967.

Rehearing Denied Dec. 14, 1967.

Howard R. Lonergan, Portland, Or.,
for appellant.

Robert Y. Thornton, Atty. Gen., Mal-
lory Walker, David H. Blunt, Asst. Attys.
Gen., Salem, Or., for appellees.

Before CHAMBERS and MERRILL,
Circuit Judges, and JAMESON, District
Judge.

JAMESON, District Judge:

Two questions are presented on this ap-
peal: (1) whether the appeal should be

dismissed as moot since appellant has been dismissed from state custody; and (2) whether appellant was denied due process by reason of ineffective and incompetent counsel.

Benson's prison sentence has expired. He contends that declaratory relief should be granted against a money judgment and other existing consequences of his sentence, including loss of his license as a public accountant and insurance agent, disqualification as a juror, and liability to future enhanced punishment.

In Parker v. Ellis, 1960, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963, the petitioner was released from state custody after having served his sentence. The Court held that the case "has thus become moot, and the Court is without jurisdiction to deal with the merits of petitioner's claim". Four justices dissented, taking the position that a habeas corpus proceeding under sections 2241–2254 of Title 28 U.S.C. should be treated the same as a motion to vacate a federal court sentence under section 2255, and that the petition should be considered on its merits.

Following Parker v. Ellis, this court held in Bonnie v. Gladden, 1967, 377 F.2d 555, that it was without power to consider the merits of the claim of a prisoner in state custody who completed his sentence while his appeal was pending in this court. Appellant seeks to avoid the consequences of Parker v. Ellis and Bonnie v. Gladden by a three-pronged argument.

Appellant first argues that on the basis of the subsequent case of Jones v. Cunningham, 1962, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285,[1] the Court might well reconsider its holding in Parker v. Ellis and follow the dissenting opinions. Parker v. Ellis, however, was distinguished in Jones v. Cunningham on the ground that Parker had been released unconditionally, whereas Jones was still under the custody of the parole board.

Second, appellant contends that relief may be granted by injunction or other provision of the All Writs Statute, 28 U.S.C. § 1651(a),[2] relying upon United States v. Morgan, 1954, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248. It was held in Morgan that where a federal prisoner has completed his sentence, the court has power to issue a writ of coram nobis under the All Writs Statute and that the motion "is a step in the criminal case and not like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding". The majority opinion in Parker v. Ellis made no reference to Morgan, and there is no suggestion that the writ of coram nobis would be available to a state prisoner whose custody has terminated.

Finally, appellant argues that declaratory relief may be granted pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.[3] This Act, however, "does not confer jurisdiction where none otherwise exists".[4] Nor does the All Writs Act "operate to confer jurisdiction * * * since it may be invoked by the district court only in aid of jurisdiction which it already has". Stafford v. Superior Court of California, 9 Cir. 1959, 272

1. It was held in Jones v. Cunningham that a state prisoner who has been placed on parole under the "custody and control" of a parole board, is in custody within the meaning of 28 U.S.C. § 2241.

2. 28 U.S.C. § 1651(a) provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

3. 28 U.S.C. § 2201 provides in pertinent part: "* * * [A]ny court of the United States, upon the filing of an ap-

propriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. * * *"

4. The "Declaratory Judgments Act has not enlarged the jurisdiction of the courts over subject matter and parties. * * *" Borchard, Declaratory Judgments, Second Edition, p. 333. The fact that appellant prayed for relief under the Act "does not serve to furnish a ground of federal jurisdiction". Longview Tugboat Company v. Jameson, 9 Cir. 1955, 218 F.2d 547, 548.

F.2d 407, 409.[5]  Moreover, the Declaratory Judgment Act may not be used as a substitute for "habeas corpus, coram nobis or other such procedures".  United States ex rel. Bennett v. People of State of Illinois, 7 Cir. 1966, 356 F.2d 878, 879, cert. denied. 384 U.S. 946, 86 S.Ct. 1472, 16 L.Ed.2d 544.[6]

■  Accordingly, if the federal courts lack jurisdiction by reason of mootness, as stated in Parker v. Ellis, neither the Declaratory Judgment Act nor the All Writs Statute is available to appellant.

■  Under our construction of Parker v. Ellis, a consideration of the appeal on the merits is unnecessary.  However, even if Parker v. Ellis were modified to conform to the dissenting opinions in that case or this court had jurisdiction under the Declaratory Judgment Act, in our opinion appellant is not entitled to relief.

Appellant was found guilty on two charges of forgery.  He appealed to the Supreme Court of Oregon.  The judgment of conviction was affirmed.  State v. Benson, 1963, 235 Or. 291, 384 P.2d 208.  A petition for hearing was denied.  Appellant sought relief under the Oregon Post Conviction Hearing Act, alleging substantially the same grounds of relief as are presented in this proceeding.  Relief was denied. Benson v. Gladden, 1965, 242 Or. 132, 407 P.2d 634.  After a rehearing was denied by the Oregon Supreme Court, appellant filed a petition for certiorari to the United States Supreme Court, which was denied.  384 U.S. 908, 86 S.Ct. 1345, 16 L.Ed.2d 360.

In his trial for forgery, appellant was represented by two retained counsel.  Two additional counsel were retained to argue his motion for a new trial, one of whom prosecuted the appeal from the conviction.  The counsel in this proceeding presented a second petition for a rehearing before the Oregon Supreme Court, filed the post conviction petition, and prosecuted the petition for writ of habeas corpus, which was denied by the district court in a memorandum opinion dated October 13, 1966.

■  This court of course has recognized in many cases that an accused is entitled to effective aid in the preparation and trial of his case.  On the other hand, as we said in Brubaker v. Dickson, 9 Cir. 1962, 310 F.2d 30, 37:

"This does not mean that trial counsel's every mistake in judgment, error in trial strategy, or misconception of law would deprive an accused of a constitutional right.  Due process does not require 'errorless counsel, and not counsel, judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance'.  Determining whether the demands of due process were met in such a case as this requires a decision as to whether 'upon the whole course of the proceedings,' and in all the attending circumstances, there was a denial of fundamental fairness; it is inevitably a question of judgment and degree".[7]

---

5. The cases upon which appellant relies in support of his contention that habeas corpus and declaratory judgment may be alternative remedies are distinguishable.  In those cases the court had jurisdiction to review the action of an administrative board pursuant to § 10 of the Administrative Procedures Act, 5 U.S.C. § 1009 and 28 U.S.C. § 2201.  See Brownell v. Tom We Shung, 1956, 352 U.S. 180, 77 S.Ct. 252, 1 L.Ed.2d 255, (review of exclusion order affirmed by Board of Immigration Appeals);  Hurley v. Reed, 1961, 110 U.S.App.D.C. 32, 288 F.2d 844 (review of revocation order of Parole Board).  No administrative action is here involved.

6. Appellant argues that since he was in custody when the petition was filed, jurisdiction continues for disposition of his case under the Declaratory Judgment Act.  We do not agree.  It is questionable whether appellant in any event could claim relief under the Act.  If so, since the basis for jurisdiction is no longer present, any additional or auxiliary remedy would not confer jurisdiction.

7. See also Enriquez v. United States, 9 Cir., 1964, 338 F.2d 165, 167; Knowles v. Gladden, 9 Cir., 1967, 378 F.2d 761, 767.

Judge Kilkenny concluded that "it cannot be said that petitioner's original attorneys did not provide him the effective assistance of counsel guaranteed by the constitution, quoting from the opinion of the Supreme Court of Oregon: 'The record demonstrates that petitioner's attack on the competency of all of his previous counsel is wholly without merit. Benson's numerous trial and appellate counsel afforded him able and skillful representation. Their inability to make a silk purse out of a sow's ear ought not reflect on their competency'. (Benson v. Gladden, supra, 407 P.2d at p. 642.) "

We agree with Judge Kilkenny that the opinion of the Supreme Court of Oregon [8] "patiently treats of each issue raised by petitioner and  *  *  *  correctly disposes of all issues".

Judgment affirmed.

8.   Benson v. Gladden, 242 Or. 132, 407 P.2d 634.