UNITED STATES of America, Plaintiff–Appellee,

v.

Jesus Felix GUTIERREZ, Defendant–Appellant.

No. 96–50274.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 1997.

Decided June 24, 1997.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c), Linda J. Blessing is substituted as defendant-appellee in place of her predecessor in office, Charles E. Cowan.

Lauren T. Nguyen, Assistant United States Attorney, Los Angeles, CA, for Plaintiff-Appellee.

Rebecca Donaldson, Banning, CA, for Defendant-Appellant.

Before: FLETCHER and PREGERSON,

Circuit Judges, and WEXLER,* District Judge.

PREGERSON, Circuit Judge:

Appellant Jesus Felix Gutierrez pled guilty to one count of conducting a continuing criminal enterprise, in violation of 21 U.S.C. § 848. The district court sentenced Gutierrez to fifteen years of imprisonment. Gutierrez did not appeal this sentence. Gutierrez then filed a motion to correct his sentence under 28 U.S.C. § 2255, which the district court denied. Gutierrez then filed the present motion for declaratory relief, under 28 U.S.C. § 2201, to obtain an evidentiary hearing to clarify the plea agreement's meaning. The district court denied this motion as a successive § 2255 motion. Gutierrez now appeals this ruling. We have jurisdiction under 28 U.S.C. §§ 1291 and 2255. We affirm.

## FACTS AND PRIOR PROCEEDINGS

On June 23, 1987, Gutierrez pled guilty to one count of conducting a continuing criminal enterprise, in violation of 21 U.S.C. § 848. Gutierrez entered a guilty plea under a plea agreement drafted by his prior counsel. That agreement stated that the government would not request a sentence in excess of fifteen years without eligibility for parole. The agreement also provided that:

> [A]ny sentence imposed [on Gutierrez] shall have as a part of the sentence the good-time allowance provisions of Title 18, Chapter 301, §§ 4161, et seq. except that *should there be a change in the good-time allowance law or any other early release law* more favorable to the defendant, he shall have the benefit thereof.

(Emphasis added). The district court then sentenced Gutierrez to fifteen years of imprisonment without eligibility for parole. Gutierrez did not appeal the sentence imposed.

On September 6, 1994, Gutierrez filed a pro se motion under 28 U.S.C. § 2255,[1] to correct his sentence based on the Sentencing Reform Act, U.S.S.G. § 2D1.5. Gutierrez claimed that the Sentencing Reform Act constituted a "good-time allowance law" or "any other early release law" under the plea agreement. Gutierrez claimed that under § 2D1.5, his sentence range should be reduced to a range of 121 months to 151 months-a range with a maximum sentence less than the 180 month sentence imposed.

After Gutierrez filed his § 2255 motion, he retained his present counsel. After the government filed its opposition, Gutierrez's present counsel filed the reply one day late. Gutierrez's counsel simultaneously filed a motion requesting that the court accept the late reply brief. The court granted the motion to file the late reply.

The district court then denied Gutierrez's § 2255 motion without holding an evidentiary hearing. The district court stated that the Sentencing Reform Act "is not an 'early release law,' nor is it regarded as such. Instead, this law was passed to provide for uniform sentences." The district court added: "The parties expressly knew about the [Sentencing Reform Act]; however, they did not cite to it in the plea agreement as something under which they intended that the defendant would benefit." The district court concluded:

> [I]t is *this* law [18 U.S.C. § 4161] that the defendant appears to have been concerned about. At the ... plea hearing, counsel for the defendant stated that 18 U.S.C. § 4161 was part of the plea agreement so that the defendant would not be injured by the change in the law, which would have provided defendant with significantly less time off per year.

Under the belief that the district court never received the belated reply brief, Gutierrez's present counsel filed a motion for reconsideration under Federal Rule of Civil Procedure Rule 60(b).[2] Gutierrez reiterated

---

* Honorable Leonard D. Wexler, Senior United States District Judge for the Eastern District of New York, sitting by designation.

1. Section 2255 allows a federal prisoner collaterally to attack his or her sentence by filing in the district court a petition to vacate, set aside, or correct the sentence.

2. The courtroom deputy allegedly informed Gutierrez's present counsel that the reply was not in the court's file. The court docket, however, indi-

the arguments raised in his original § 2255 motion. The district court denied the motion.

Gutierrez then filed the present declaratory relief motion under the Declaratory Judgment Act, 28 U.S.C. § 2201,[3] seeking an evidentiary hearing to clarify the meaning of the plea agreement.

The district court characterized Gutierrez's motion for declaratory relief under § 2201 as a § 2255 motion. The district court then denied the motion as successive without holding an evidentiary hearing. The court held that Gutierrez "has already brought an unsuccessful motion under 28 U.S.C. § 2255 to vacate his sentence on the exact same ground that is the basis for this motion-namely, that the Sentencing Guidelines operate as an early release law." Gutierrez timely appeals this decision.

### Standard of Review

 We review questions of law de novo. *United States v. Yacoubian*, 24 F.3d 1, 3 (9th Cir.1994). We review for an abuse of discretion the district court's denial of a § 2255 motion as successive. *Campbell v. Blodgett*, 997 F.2d 512, 516 (9th Cir.1992). A district court "abuses its discretion when it bases its decisions on an erroneous legal conclusion or on a clearly erroneous finding of fact." *Id.*

### ANALYSIS

Gutierrez claims that he is entitled to an evidentiary hearing. The district court de-

nied Gutierrez's claim as a successive § 2255 motion. Whether we treat Gutierrez's claim as a motion for declaratory relief or a § 2255 motion, we agree with the district court that Gutierrez's claim is without merit.

### I. Motion for Declaratory Relief [4]

 In *Benson v. State Bd. of Parole & Probation*, the petitioner challenged his prison sentence by filing an action for declaratory relief under the Declaratory Judgment Act. 384 F.2d 238, 239 (9th Cir.1967). There we held that "the Declaratory Judgment Act may not be used as a substitute for 'habeas corpus, coram nobis or other such procedures'." *Id.* at 240 (quoting *United States ex. rel. Bennett v. Illinois*, 356 F.2d 878, 879 (7th Cir.1966) (per curiam)); *see also Berman v. Resor*, 302 F.Supp. 1200, 1202 (N.D.Cal.1969) (noting that *Benson* precluded prison inmates from using the Declaratory Judgment Act as a substitute for habeas corpus petitions).

Other circuits have also dismissed actions by prisoners attempting to challenge the validity of their sentences or convictions under the Declaratory Judgment Act. *See, e.g., Gajewski v. United States*, 368 F.2d 533, 534 (8th Cir.1966) (per curiam) ("[W]e are unaware of any authority which would permit the [Declaratory Judgment Act] to be used as a post-conviction remedy."); *Forsythe v. Ohio*, 333 F.2d 678, 679 (6th Cir.1964) (per curiam) ("[T]he Declaratory Judgment Act ... cannot be used as a substitute for appeal, habeas corpus, coram nobis or other procedures....").[5]

---

cates that the court did receive Gutierrez's reply brief.

3. The Declaratory Judgment Act provides that the district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

4. The government initially asserts that this appeal should be dismissed because Gutierrez has not obtained a certificate of appealability under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996). The AEDPA does not apply, however, because Gutierrez filed his § 2201 motion in the district court prior to the AEDPA's effective date. *Jeffries v. Wood*, 103 F.3d 827, 827 (9th Cir.1996) (en banc).

5. Other circuits have declined to entertain challenges to sentences when a petitioner files a motion under the Declaratory Judgment Act in a district court other than the original sentencing court. *See, e.g., Sobell v. Attorney General*, 400 F.2d 986, 988 (3rd Cir.1968) (noting that the petitioner had to challenge the validity of his sentence in the original sentencing court under § 2255, not in another court under the Declaratory Judgment Act); *Bennett*, 356 F.2d at 879 (7th Cir.1966) (per curiam) (holding that the Declaratory Judgment Act cannot be used in another court "as a substitute for a petition to correct a sentence in the court where the sentence was [originally] imposed"); *Hurley v. Lindsay*, 207 F.2d 410, 411 (4th Cir.1953) (per curiam) ("[R]emedy was a motion in the sentencing court under 28 U.S.C. § 2255, not a petition for a declaratory judgment in another court.");

Because the Declaratory Judgment Act is not a substitute for a § 2255 motion to correct a sentence, we affirm the district court's decision to deny Gutierrez's motion for declaratory relief.

## II. Successive motion under § 2255

■ Even assuming, as the district court did, that Gutierrez's declaratory relief motion was a § 2255 motion, we would affirm the district court's decision.

■ The denial of a prior § 2255 motion may be given controlling weight where " '(1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.' " *Campbell v. Wood,* 18 F.3d 662, 675 (9th Cir.1994) (en banc) (quoting *Sanders v. United States,* 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963)). The Supreme Court's decision in *Sanders* substantially reflects Rule 9(b) of the Rules Governing § 2255 Proceedings. *Id.; Molina v. Rison,* 886 F.2d 1124, 1127 (9th Cir.1989). Rule 9(b) states in part: "A second or successive [§ 2255] motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits."

### A. The same grounds

■ "[A] ground is successive if the basic thrust or 'gravamen' of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments." *Molina,* 886 F.2d at 1129. A "ground" means a sufficient legal basis for granting the relief sought by the applicant. *Blodgett,* 997 F.2d at 516; *Molina,* 886 F.2d at 1129. "[I]dentical grounds may often be proved by different factual allegations .... supported by different legal arguments, or

*Clark v. Memolo,* 174 F.2d 978, 981 (D.C.Cir. 1949) ("[A]ction for declaratory judgment is not suitable and does not lie [in another court] ... as a substitute for a motion to vacate or to correct the sentence in the court where it was imposed....").

... couched in different language." *Molina,* 886 F.2d at 1128.

The district court held that Gutierrez's present motion raised the same ground as his first § 2255 motion, which the court previously denied. Gutierrez's first § 2255 motion sought to correct his sentence by applying the Sentencing Reform Act, U.S.S.G. § 2D1.5, to his sentence under the plea agreement.[6] Gutierrez's present motion seeks "an evidentiary hearing to determine the understanding of the parties as to the terms of the plea agreement at the time they entered into the contract." Gutierrez presumably seeks this evidentiary hearing to show that he intended the term "early release law" to apply to *any* law which would affect his early release, including the Sentencing Reform Act. Hence the gravamen of Gutierrez's legal claim in his first § 2255 motion and the present motion are identical, though formed by different legal arguments and couched in different language. *Id.* Thus, the district court properly held that Gutierrez's present motion raised the same ground as his prior § 2255 motion.

### B. Determination on the merits

■ The dismissal of a § 2255 motion as successive can only be sustained if the prior motion was determined against the petitioner "on the merits." *Leano v. United States,* 494 F.2d 361, 362 (9th Cir.1974). When a district court denies a prior § 2255 motion without an evidentiary hearing, as it did in the present case, the denial is on the merits "only if the files and records conclusively show that the prisoner was entitled to no relief." *Mayes v. Pickett,* 537 F.2d 1080, 1083 (9th Cir.1976); *see Smith v. United States,* 454 F.2d 1330, 1331 (9th Cir.1972). Where, however, the petitioner's claim raises factual allegations based on occurrences *outside the record,* an evidentiary hearing is required. *Mayes,* 537 F.2d at 1083; *see United States v. Donn,* 661 F.2d 820, 825 (9th Cir.1981).

6. Gutierrez claimed that the Sentencing Reform Act came within the meaning of the plea agreement, which states that "should there be a change in the good-time allowance law or any other early release law more favorable to the defendant, he shall have the benefit thereof."

In this case, the district court denied Gutierrez's first § 2255 motion without holding an evidentiary hearing. In denying that motion, the district court "read and considered the papers filed in support of and in opposition to the petitioner's motion, [and] the entire record in this matter." The district court then stated: "An evidentiary hearing is not required in this case. The Court finds, in its discretion, that it is able to render a decision from the record. Moreover, only conclusory allegations are before the Court; such do not warrant an evidentiary hearing." (Internal citation omitted).

The district court rejected Gutierrez's claim that the Sentencing Reform Act was an "early release law." The court also noted that Gutierrez's prior counsel expressly stated at the plea hearing that the plea agreement sought to incorporate the good time provision of 18 U.S.C. § 4161, which was to expire one month after Gutierrez was sentenced. Finally, the court stated that the parties knew about the Sentencing Reform Act but failed to "cite to it in the plea agreement as something under which they intended that the defendant would benefit." Based on these facts, we conclude that the prior determination was on the merits because the files and records "conclusively show" that Gutierrez is entitled to no relief. *Mayes*, 537 F.2d at 1083; *Smith*, 454 F.2d at 1331.

## C. Ends of Justice

 "For this court to affirm a dismissal or denial on the ground of successiveness, the district court must either make a specific finding that the 'ends of justice' would not be served by reaching the merits or its views on this point must be clear from the record." *Howard v. Lewis*, 905 F.2d 1318, 1324 (9th Cir.1990); *see also Chua Han Mow v. United States*, 730 F.2d 1308, 1310 (9th Cir.1984) (requiring district court to make a specific finding unless " 'the motion, files, and records in the case conclusively showed the motion to be without merit' ") (quoting *Donn*, 661 F.2d at 824).

Although in this case the district court did not make a specific finding that the "ends of justice" do not require a redetermination on the merits, we affirm the district court's de-nial of Gutierrez's motion because no factual issues need to be resolved and the files and records conclusively show that Gutierrez's motion is without merit. *Chua Han Mow*, 730 F.2d at 1310.

AFFIRMED.