**Carlos ALMONTE ALMONTE, Plaintiff,**

v.

**ADMINISTRACION DE CORRECCION, Defendant.**

**No. CIV. 98–1093(JP).**

United States District Court, D. Puerto Rico.

May 28, 1998.

Carlos Almonte Almonte, San Juan, PR, for pro se.

### *Declaratory Judgment*

PIERAS, Senior District Judge.

### OPINION AND ORDER

Petitioner Carlos Almonte Almonte, an inmate under the custody of the Administration of Corrections (AOC) and currently housed at Servicios Correccionales de Puerto Rico's Ponce Adultos Facility (SCPR–Ponce), a privately-run correctional facility, has requested the Court to enter declaratory relief in the form of a legal opinion as to his rights while in custody of SCPR–Ponce. Specifically, petitioner requests that the Court's opinion regarding his entitlement to privileges, rehabilitation treatment, custody level classification, suspended sentence, and parole, alleging that these have been denied solely due to his immigration status. (Docket No. 1).

The Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, "empowers a federal court to grant declaratory relief in a case of actual controversy ... It is designed to enable litigants to clarify legal rights and obligations before acting upon them." *Ernst & Young v. Depositors Economic Protection Corp.*, 45 F.3d 530, 534 (1st Cir.1995). "The Declaratory Judgment Act is uncommon in that it neither imposes an unflagging duty upon the courts to decide declaratory judgment actions nor grants an entitlement to litigants to demand declaratory remedies." *El Día, Inc. v. Hernández Colón*, 963 F.2d 488 (1st Cir.1992).

"The requirement of an 'actual controversy' is imposed by Article III of the

Constitution. In general, an actual controversy is 'a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Diagnostic Unit Inmate Council v. Films Incorporated*, 88 F.3d 651, 653 (8th Cir.1996).

■ On the other hand, declaratory judgment is not a substitute for habeas corpus relief. *Benson v. State Bd. of Parole and Probation*, 384 F.2d 238, 239 (9th Cir.1967), *cert. denied*, 391 U.S. 954, 88 S.Ct. 1860, 20 L.Ed.2d 869 (1968). Thus, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

■ In order to support declaratory judgment jurisdiction, we examine the complaint to determine whether it sets forth a cognizable controversy between the inmate-plaintiff and the Administration of Corrections. In this case, plaintiff alleges that the AOC has denied him privileges, rehabilitation treatment, custody reclassification, suspended sentence entitlement, and parole eligibility due to his pending immigration and Naturalization Service (INS) detainer. According to plaintiff, he has been the victim of discrimination due to his national origin—Dominican—because other prisoners whose crimes and sentences exceed his own have been granted "all types of privileges only because of the fact that they are citizens of Puerto Rico." Complaint at ¶ 5 (translation ours). Plaintiff anticipates that he will become parole eligible on November 1998.

In *Franklin v. Barry*, 909 F.Supp. 21 (D.D.C.1995), the United States District Court for the District of Columbia examined a complaint by alien inmates which alleged that their equal protection rights were being violated by a correctional policy of denying minimum security transfers to those alien inmates against whom INS detainers had been imposed. The D.C. Court dismissed the complaint finding plaintiffs' allegations, that inmates against whom INS detainers were imposed were treated differently than inmates against whom non-INS detainers were imposed, unsupported. The Court found that under the challenged correctional policy, "the issuance of a detainer, for whatever purpose and by whichever jurisdiction, results in denying a prisoner eligibility for minimum security unless and until the detainer is removed." *Id.*, at 27.

Article XXIII of the Parole Board Regulations, Regulation No. 3570 (February 11, 1988), states that "parole shall not be denied to any eligible inmate solely due to the fact that a detainer has been imposed against the inmate by another jurisdiction, state, federal or foreign, as long as the inmate is qualifies for parole." ("No se le negará la libertad bajo palabra a cualquier confinado que sea elegible para disfrutar de tal privilegio por el solo hecho de que exista una orden de retención contra dicho confinado emitida por alguna otra jurisdicción, ya sea estatal, federal o del extranjero, siempre y cuando dicho confinado esté cualificado para la misma."). Plaintiff alleges that he will be parole-eligible on November 1998. Therefore, there is no actual controversy concerning alleged denial of parole since he is not eligible for parole at this time.

■ Plaintiff's remaining allegations, concerning denial of privileges, rehabilitation treatment, custody classification, and suspended sentence, seem to raise an equal protection claim as to the application of Law No. 49 of May 26, 1995. Article 10–A of Law No. 49 states that persons who have been convicted for violations of the Controlled Substances Law (except for violations to Article 404) are ineligible to participate in the AOC's diversionary or treatment and rehabilitation programs. Laws of P.R. Ann. tit. 4, § 1135a. Thus, pursuant to Law No. 49, plaintiff would be ineligible to partake in such programs as he states that he was convicted for violations of Article 406 of the Controlled Substances Law. However, because plaintiff offers no details as to the date of his criminal conduct, the Court cannot determine whether Law No. 49 applies since, pursuant to the Ponce Superior Court's pronouncement in *Santos*

*Pérez Cruz v. ELA,* Civil JAC 95–0570, its application is prospective.

WHEREFORE, for the reasons stated herein, the Court finds that the complaint should be DISMISSED as it fails to establish declaratory judgment jurisdiction. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**