

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2006

# Abdel-Whab v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4026

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Abdel-Whab v. USA" (2006). *2006 Decisions.* Paper 1380.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1380

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**BPS-161**                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4026

USAMA S. ABDEL-WHAB,

Appellant

v.

UNITED STATES OF AMERICA

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-01636)
District Judge: Honorable James F. McClure, Jr.

Submitted Under 28 U.S.C. § 1915(e)(2)(B)
March 16, 2006

BEFORE: RENDELL, AMBRO and BECKER, Circuit Judges

(Filed :  March 27, 2006)

OPINION

PER CURIAM

    Appellant Usama Abdel Whab (a/k/a/ Usama Abdel Wahab) appeals from the

District Court's order dismissing his complaint seeking a declaratory judgment pursuant

to 28 U.S.C. §§ 2201, 2202.  Adbel Whab is currently detained by the Bureau of

Immigration and Customs Enforcement at the Pike County Correctional Facility in Pennsylvania. Essentially, his complaint seeks a ruling that his conviction in the Southern District of New York is invalid and must be vacated. We note that his numerous challenges to his conviction and sentence under 28 U.S.C. § 2241 and 28 U.S.C. § 2255 have been unsuccessful.

It is well established that habeas corpus is the exclusive avenue by which a person in custody may challenge the fact or duration of a conviction or sentence. See Heck v. Humphrey, 512 U.S. 477, 481-82 (1994). Accordingly, the Declaratory Judgment Act cannot operate as a substitute or alternative remedial basis to 28 U.S.C. § 2255. See United States v. Gutierrez, 116 F.3d 412, 415 (9th Cir. 1997); Chatman-Bey v. Thornburgh, 864 F.2d 804, 808-10 (D.C. Cir. 1988) (en banc); Forsythe v. Ohio, 333 F.2d 678, 679 (6th Cir. 1964). Thus, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).