Allen Kirk WARE, Petitioner–
Appellant,

v.

Tom L. CAREY, Warden, Respondent–
Appellee.

No. 05–16760.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

Allen Kirk Ware, Vacaville, CA, pro se.

Lisa A. Tillman, Esq., AGCA, Office of
the California Attorney General, Depart-
ment of Justice, Sacramento, CA, for Re-
spondent–Appellee.

Before: LEAVY, McKEOWN, and
GOULD, Circuit Judges.

MEMORANDUM **

California state prisoner Allen Kirk
Ware appeals *pro se* from the district
court's judgment dismissing for lack of
jurisdiction his 28 U.S.C. § 2254 habeas
corpus petition challenging the 1987 deci-
sion of the Board of Prison Terms
("Board") rescinding his parole date and
finding him unsuitable for parole. We
have jurisdiction under 28 U.S.C. § 2253,
and we affirm.

On appeal, Ware contends that the dis-
trict court erred in dismissing his 2003
habeas petition as successive to his 1998
habeas petition because although "inartful-
ly pled[,] the habeas petition pertained to
issues raised at the October 30, 2001
Board hearing, and not merely error from
1987."

We review for an abuse of discretion the
district court's dismissal of a § 2254 peti-
tion as successive. *United States v. Gu-
tierrez*, 116 F.3d 412, 415 (9th Cir.1997).
The fact that a petitioner has previously

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
9th Cir. R. 36–3.

filed habeas petitions does not automatically render subsequent petitions "second or successive." *See Hill v. Alaska*, 297 F.3d 895, 898 (9th Cir.2002). A ground is "successive if the basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments." *See United States v. Allen*, 157 F.3d 661, 664 (9th Cir.1998) (internal quotations omitted).

We conclude that none of the claims in Ware's 2003 petition is unique to his 2001 proceeding or reflects intervening changes in the law, but instead his claims stem from his ongoing dissatisfaction with Board's actions in 1987. Because the claims were addressed on the merits in his 1998 habeas petition, we affirm the district court.

The Government's motion for a stay of appellate proceedings is denied.

**AFFIRMED.**