17-465-cv
Dyous v. Psychiatric Sec. Review Bd.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand eighteen.

PRESENT: DENNIS JACOBS,
         REENA RAGGI,
         CHRISTOPHER F. DRONEY,
                   Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

Anthony Dyous,
         Plaintiff-Appellant,

         -v.-                                   17-465

Psychiatric Security Review Board, an
independent agency of the State of
Connecticut,
         Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Robert E. Byron, Robert E.
                           Byron, LLC, Hartford,
                           Connecticut.

1

**FOR APPELLEE:**                    Jo Anne Sulik, Office of the
                                     Chief State's Attorney, Rocky
                                     Hill, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Chatigny, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Anthony Dyous appeals from the judgment of the United States District Court for the District of Connecticut dismissing the case.[1] We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Dyous was committed to a mental institution in Connecticut on March 22, 1985, for a term not to exceed 25 years, having been declared insane after he hijacked a bus in Hartford to spread the gospel of an impending nuclear conflagration. The state moved to continue Dyous' commitment beyond his original term, and the court granted multiple extensions on the basis of Dyous' clinical condition. Dyous remains institutionalized. He challenges his detention as unlawful and seeks a declaratory judgment that his continued confinement by the Psychiatric Security Review Board ("the Board") violates his constitutional rights. The district court granted the Board's motion to dismiss on the ground that Dyous could not contest his confinement by way of an action for declaratory judgment.

The single issue raised on appeal is whether Dyous can pursue a declaratory judgment action contesting his continued confinement as a violation of his constitutional rights or whether he must seek relief via a writ of habeas corpus.

---

[1] While the district court did not specify whether its dismissal was pursuant to Federal Rule of civil Procedure 12(b)(1) or (6), we construe the dismissal as without prejudice to Dyous' ability to subsequently file a habeas petition under 28 U.S.C. § 2554.

Whenever an individual attacks the "very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In Preiser, the respondents alleged that deprivation of good conduct time credits "was causing or would cause them to be in illegal physical confinement." Id. at 487. The Court held that the allegation "fell squarely within th[e] traditional scope of habeas corpus." Id.

Following Preiser, a number of circuits have directly held that the Declaratory Judgment Act may not be used as a substitute for a petition for a writ of habeas corpus. See, e.g., Rooney v. Secretary of the Army, 405 F.3d 1029, 1031 (D.C. Cir. 2005); United States v. Guitierrez, 116 F.3d 412, 415 (9th Cir. 1997); see also Mills v. Poole, 2008 WL 141729, 06-cv-842A, at *4 (W.D.N.Y. Jan. 14, 2008) ("Where, as here, an alternative remedy was expressly created by statute to provide the relief sought, a declaratory judgment should not be granted."). This result is also mandated by Wilkinson v. Dotson, where the Supreme Court emphasized that habeas corpus is the only avenue available to confined individuals who "seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." 544 U.S. 74, 81 (2005).

Rather, a declaratory judgment action may only lie where the plaintiff seeks monetary damages or other relief that would not directly impact his or her sentence or duration of commitment. See Wolff v. McDonnell, 418 U.S. 539, 554-55 (1974) (holding that declaratory judgment as a predicate to a damages award would not be barred, but that a civil rights claim that would affect the duration of incarceration is foreclosed by Preiser); see also Burnell v. Whidden, 3:05CV825(MRK), 2005 WL 2739085, at *3-4 (D. Conn. Oct. 19, 2005).

Because each of Dyous' constitutional claims would impact his confinement if adjudicated in his favor on the

3

merits, a writ of habeas corpus is his only potential avenue of relief. The prayer for relief in Dyous' complaint seeks a declaration that "the continuing confinement of the plaintiff by the defendant violates the rights of the plaintiff guaranteed" by the Constitution. J. App'x at 15. His causes of action under the due process and equal protection clauses can only be construed as contentions that his detention in the mental facility is "contrary to the Constitution or fundamental law." Preiser, 411 U.S. at 485; cf. Griffin v. Alexander, 9:09-CV-1334(PJM/DEP), 2011 WL 4402119, at *8, *13 (N.D.N.Y. Aug. 25, 2011)(determining that civil rights claims requesting order directing defendant's release to parole supervision not appropriate for resolution by declaratory judgment but must be brought by habeas petition), report and recommendation adopted by 2011 WL 4343199 (N.D.N.Y. Sep. 14, 2011); Curro v. Myers, CV-86-1304, 1987 WL 12032, at *3 (E.D.N.Y. May 5, 1987)("[I]nsofar as plaintiff seeks a declaration that his conviction was obtained without due process of law, he challenges the fact of his confinement.").

The distinctions Dyous draws between "equity" and "law" or "writ" and "judgment" are of no moment. Dyous is not pursuing monetary damages; he seeks a judicial ruling that his confinement is contrary to law. No matter how narrowly Dyous now asks us to construe his claims, he is directly and unambiguously challenging his confinement. See Judge, 2009 WL 928134, at *8 (declaratory judgment relief that would "necessarily invalidate Plaintiff's current confinement" barred). This rule is not just a formality. Congress "clearly required exhaustion of adequate state remedies as a condition precedent to the invocation of federal judicial relief" for a confined individual and it would "wholly frustrate explicit congressional intent to hold that [Dyous] could evade this requirement by the simple expedient of putting a different label on [his] pleadings." Preiser, 411 U.S. at 489-490.

4

For the foregoing reasons, and finding no merit in Dyous's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK