**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, <br><br> v. <br><br> JEREMY SCHLENKER, *Defendant-Appellant.* | No. 20-30141 <br><br> D.C. Nos. 3:15-cr-05197-BHS-1 3:15-cr-05197-BHS |

| | |
|---|---|
| JEREMY SCHLENKER, *Plaintiff-Appellant*, <br><br> v. <br><br> UNITED STATES OF AMERICA; UNITED STATES ATTORNEY'S OFFICE, Western District of Washington, *Defendants-Appellees.* | No. 20-35612 <br><br> D.C. No. 3:20-cv-05122-BHS <br><br><br> OPINION |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted October 5, 2021
Seattle, Washington

Filed February 1, 2022

Before:  Richard A. Paez, Milan D. Smith, Jr., and
Jacqueline H. Nguyen, Circuit Judges.

Opinion by Judge Paez

## SUMMARY[*]

### Criminal Law/Declaratory Judgments

The panel affirmed the district court's orders (1) granting the government's motion to dismiss Jeremy Schlenker's civil action seeking a declaration that filing a 28 U.S.C. § 2255 motion would not breach the plea agreement he entered in his criminal case in 2016, and (2) denying Schlenker's motion to clarify the terms of the plea agreement.

Schlenker pled guilty to second-degree murder in violation of 18 U.S.C. §§ 1111 and 1153(a), and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).  As part of the plea agreement, he waived his right to collaterally attack his conviction and sentence, except for ineffective assistance of counsel claims.

Three years after his sentencing, the Supreme Court held that the residual clause of § 924(c)(3), the provision defining a "crime of violence," was unconstitutionally vague.  This court thereafter held that second-degree murder is not a

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

"crime of violence" under the elements clause of § 924(c)(3). As a result of these developments, Schlenker sought to challenge the validity of his § 924(c) sentence in a habeas proceeding, and his counsel so informed the government. The prosecutors responded that the government would oppose such relief and consider the filing of such an action to be a breach of the plea agreement. Schlenker then filed the declaratory relief action and the motion to clarify. In both cases, the district court concluded that it lacked jurisdiction because there was no "case or controversy" as required under Article III.

Citing *Calderon v. Ashmus*, 523 U.S. 740 (1998), and *United States v. Gutierrez*, 116 F.3d 412 (9th Cir. 1997), the panel affirmed because Schlenker's declaratory action and motion to clarify improperly seek to carve out a collateral legal issue—the validity and scope of the collateral attack waiver—from a potential § 2255 motion, and to use the Declaratory Judgment Act as a substitute to challenge his sentence.

## COUNSEL

Alan Zarky (argued), Staff Attorney; Colin A. Fieman, Assistant Federal Public Defender; Federal Public Defender, Tacoma, Washington; for Appellant.

Michael S. Morgan (argued), Assistant United States Attorney; Tessa M. Gorman, Acting United States Attorney; United States Attorney's Office, Seattle, Washington; for Appellee.

## OPINION

PAEZ, Circuit Judge:

In April 2016, having entered into a plea agreement with the government, Jeremy Schlenker pled guilty to second-degree murder in violation of 18 U.S.C. §§ 1111 and 1153(a), and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). As part of the plea agreement, Schlenker waived his right to collaterally attack his conviction and sentence, except for ineffective assistance of counsel claims. The agreement further provided that if Schlenker were to breach the agreement by collaterally attacking his conviction or sentence, the government could prosecute him for any counts dismissed or not charged. The district court imposed a sixteen-year sentence for the second-degree murder conviction and a mandatory consecutive sentence of ten years for the § 924(c) conviction.

Three years after his sentencing, the Supreme Court held that the residual clause of § 924(c)(3), the provision defining a "crime of violence," was unconstitutionally vague. *United*

*States v. Davis*, 139 S. Ct. 2319 (2019). After *Davis*, our court held that second-degree murder is not a "crime of violence" under the elements clause of § 924(c)(3). *United States v. Begay*, 934 F.3d 1033, 1041 (9th Cir. 2019).[1] As a result of these developments, Schlenker sought to challenge the validity of his § 924(c) sentence in a habeas proceeding, and his counsel so informed the government. The prosecutors responded that the government would oppose such relief and consider the filing of such an action to be a breach of the plea agreement. Schlenker then filed a motion to clarify the terms of his plea agreement ("Motion to Clarify") in his criminal case. He also filed a civil action seeking a declaration that filing a motion under 28 U.S.C. § 2255 would not breach the plea agreement. In both cases, the district court concluded that it lacked jurisdiction because there was no "case or controversy" as required under Article III. *See* U.S. Const. Art. III, § 2, cl. 1.

We affirm because Schlenker's declaratory action and Motion to Clarify improperly seek to carve out a collateral legal issue from a potential habeas petition and to use the Declaratory Judgment Act, 28 U.S.C. § 2201, as a substitute to challenge his sentence. *See Calderon v. Ashmus*, 523 U.S. 740, 749 (1998); *United States v. Gutierrez*, 116 F.3d 412, 415–16 (9th Cir. 1997).

## I. Factual and Procedural Background

According to the factual statement in the plea agreement, Schlenker became highly intoxicated one evening in March 2015 while at the Emerald Queen Casino, which is located

---

[1] A majority of the court's active judges voted to rehear *Begay* en banc and vacated the panel's opinion. *United States v. Begay*, 15 F.4th 1254 (9th Cir. 2021) (order).

on tribal trust lands of the Puyallup Tribe.[2]   As he was driving through the parking lot, he encountered another vehicle, in which B.W. was sitting.  Following an exchange of words with B.W., Schlenker fired two close-range shots at him—killing him instantly.  Schlenker was indicted and charged with second-degree murder (Count 1) and discharging a firearm in furtherance of a crime of violence (Count 2).

## A.  The Plea Agreement and Sentencing

In April 2016, Schlenker and the government entered into a plea agreement where Schlenker agreed to plead guilty to Counts 1 and 2.  The government agreed not to prosecute Schlenker "for any additional offenses known to it" at the time of the plea agreement.  In addition to admitting to the factual basis for Counts 1 and 2, Schlenker admitted that he assaulted another person by brandishing and pointing the same pistol at that person's head; that he pointed the pistol at his girlfriend's head and hit her on the head with it; and that he brandished and pointed the pistol at yet another person.

Schlenker also agreed to waive his right to appeal or collaterally attack his sentence or conviction.   The agreement further provided that if Schlenker were to breach the plea agreement "by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way," the government could prosecute Schlenker "for any counts, including those with

---

[2] The tribal trust lands are within Indian country for purposes of 18 U.S.C. § 1153(a).

mandatory minimum sentences, that were dismissed or not charged pursuant to [the] Plea Agreement."

The district court accepted Schlenker's guilty plea in April 2016 and sentenced him in July 2016 to a sixteen-year sentence for the second-degree murder conviction and a mandatory ten-year consecutive sentence for the § 924(c) conviction, totaling twenty-six years.  Neither the plea agreement, plea colloquy, nor the district court specified whether the second-degree murder conviction qualified as a "crime of violence" under the "elements clause" or the "residual clause" of 18 U.S.C. § 924(c)(3)(A)–(B).

## B.  Post-Conviction Events and Litigation

In 2019, the Supreme Court held that the residual clause in § 924(c)(3) was unconstitutionally vague, *Davis*, 139 S. Ct. at 2336, and our court held that second-degree murder is not categorically a crime of violence under the elements clause, *Begay*, 934 F.3d at 1041.  Not surprisingly, Schlenker asserts that his § 924(c) conviction and sentence are unconstitutional as a result of these cases.  Thus, he argues that he should be resentenced without the mandatory consecutive § 924(c) sentence.  In December 2019, Schlenker's counsel contacted the prosecutors who prosecuted Schlenker to determine whether the government would view the filing of a § 2255 motion as a breach of the plea agreement.  Schlenker's counsel noted that the government had "not contended, in any of the *Johnson* motions brought in other cases, that pursuing a § 2255 action would constitute a breach of the plea agreement."[3]  The

---

[3] *Johnson v. United States* held that the residual clause of the Armed Career Criminal Act (ACCA), which contained language nearly identical to § 924(c)(3)'s residual clause, was unconstitutional.  576 U.S. 591, 606

prosecution responded in January 2020 that the government would oppose any § 2255 motion brought by Schlenker "as untimely (in addition to other arguments), and [would] consider such an action to be a breach of the parties' plea agreement." The present litigation followed.

Schlenker filed a civil action seeking a declaratory judgment that filing a § 2255 motion attacking his § 924(c) conviction and sentence would not breach the plea agreement. He alleged that the collateral attack waiver was invalid because: (1) the waiver was subject to a proviso that the court sentence him within or below the mandatory minimum, but the court failed to do so because his entire sentence was illegal under *Davis*; (2) during the plea colloquy, the court did not inform Schlenker of his collateral attack waiver—only his appeal waiver; (3) his sentence is illegal under *Davis*; (4) he is innocent of the § 924(c) charge after *Davis*; and (5) the plea agreement did not contain a "covenant" not to bring a collateral attack. In his criminal case, Schlenker also filed a Motion to Clarify the terms of the plea agreement, raising the same arguments as in the declaratory action.

The government opposed Schlenker's Motion to Clarify, arguing that the district court lacked jurisdiction and any resolution of a § 2255 motion should be stayed pending en banc proceedings in *Begay*. Schlenker filed a reply to the government's opposition, and a motion for summary judgment in the civil declaratory action. In the declaratory action, the government moved to dismiss the action on multiple grounds: sovereign immunity barred the declaratory-judgment action, subject matter jurisdiction did

(2015). *Davis* followed from *Johnson. See Davis*, 139 S. Ct. at 2325–26.

not exist because there was no justiciable case or controversy under Article III, and a declaratory action could not be used as a substitute for a § 2255 motion to challenge the validity of his § 924(c) sentence.

The district court granted the government's motion to dismiss the civil action and denied Schlenker's Motion to Clarify. The district court agreed with the government that it "lack[ed] subject matter jurisdiction because there [was] no case or controversy." The court found there was no "clear threat" of adverse action against Schlenker because the "Government did not threaten any action, and in particular did not state that it would proceed to file additional charges." The court further held that any harm remained "wholly speculative" because Schlenker had not identified what additional charges, if any, could be brought, and "the outcome of Schenker's as-yet unfiled § 2255 petition is unknown, as is any response by the Government if Schlenker were to prevail." Schlenker timely appeals both rulings.

## II. Jurisdiction and Standard of Review

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for "absence of a justiciable case or controversy," *Name.Space, Inc. v. Internet Corp. for Assigned Names & Nos.*, 795 F.3d 1124, 1129 (9th Cir. 2015) (internal citation omitted),[4] and whether a district court has jurisdiction in a criminal action, *United States v. Cabaccang*, 481 F.3d 1176, 1182 (9th Cir. 2007).

---

[4] The district court did not invoke its discretionary authority in dismissing Schlenker's declaratory action, so the abuse of discretion standard does not apply. *See Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1156–57 (9th Cir. 2007).

## III. Discussion

We are not asked to decide the merits of a § 2255 motion, nor whether Schlenker would, in fact, breach the plea agreement by filing a § 2255 motion. Rather, the fundamental issue we must decide is whether the facts alleged in his declaratory action and Motion to Clarify present a justiciable case or controversy under Article III. Also at issue is whether the district court could properly exercise jurisdiction to rule on Schlenker's post-judgment Motion to Clarify in the criminal case, and whether the government has waived sovereign immunity for the declaratory action. Because we hold that the declaratory action and the Motion to Clarify do not present a justiciable case or controversy under Supreme Court and Ninth Circuit precedent, we do not address the government's additional arguments for why the court lacked jurisdiction over Schlenker's post-judgment motion in his criminal case or whether the government waived sovereign immunity for Schlenker's declaratory action.

Under the Declaratory Judgment Act, a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought," but only "[i]n a case of actual controversy." 28 U.S.C. § 2201(a). The "actual controversy" requirement is the same as the "case or controversy" requirement in Article III of the Constitution. *Societe de Conditionnement en Aluminium v. Hunter Eng'g Co.*, 655 F.2d 938, 942 (9th Cir. 1981) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–40 (1937)).

The "case or controversy" dispute here is two-fold. The first inquiry is whether Schlenker has demonstrated a "real and reasonable apprehension that he will be subject to liability," as is necessary to show that a declaratory action is

justiciable. *Rhoades*, 504 F.3d at 1157 (quoting *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555–56 (9th Cir. 1990)). The government argues that Schlenker's apprehension of liability—the filing of new charges—is unreasonable because the government has never stated that it would seek a remedy for any breach of the plea agreement. We agree with Schlenker that the prosecution's January 2020 response letter, combined with the uncharged conduct he admitted to in the plea agreement and the government's refusal to disavow any intent to prosecute Schlenker further, creates a reasonable apprehension that the government would seek an indictment for new charges were he to file a § 2255 motion. *See Spokane Indian Tribe v. United States*, 972 F.2d 1090, 1092 (9th Cir. 1992) (holding that the plaintiff had a reasonable apprehension of litigation and loss of property based on the government's letter "referenc[ing] . . . the violation of state and federal law" and the power to confiscate and destroy the gaming devices" by court order).

We thus turn to the second inquiry: whether, as the government argues, Schlenker's declaratory action is barred because it would improperly "carve out" an issue for separate adjudication without completely resolving the underlying controversy. *Calderon*, 523 U.S. at 749. In *Calderon*, a class of persons with capital convictions sought a declaratory judgment that the State of California could not invoke the Antiterrorism and Effective Death Penalty Act's Chapter 154, which provides for an expedited procedure, among other matters, that shortens the statute of limitations for capital habeas petitions from one year to six months. *Id.* at 742–43. The suit was filed after California officials publicly announced that they intended to invoke Chapter 154. *Id.* at 743. The Supreme Court explained that the actual "controversy" was whether each class member was individually entitled to federal habeas relief. *Id.* at 746.

Consequently, the action was not justiciable because the declaratory judgment that the plaintiffs sought "would not resolve the entire case or controversy as to any one of them." *Id.* at 747. Instead of seeking "final or conclusive determination" as to habeas relief, the class had "carved out" the statute of limitations issue for resolution and that "would merely determine a collateral legal issue governing certain aspects of their pending or future suits." *Id.* at 746–47. This was inappropriate because it sought an "advance ruling" on an affirmative defense in a future habeas proceeding, and would resolve that issue "without ever having shown that [the petitioner] ha[d] exhausted state remedies." *Id.* at 747–48.

Before *Calderon*, our court had held that the Declaratory Judgment Act could not be invoked to challenge a sentence outside of a habeas proceeding. *Gutierrez*, 116 F.3d at 415–16 (citing *Benson v. State Bd. of Parole & Prob.*, 384 F.2d 238, 239 (9th Cir. 1967)). There, the district court had previously denied Gutierrez's § 2255 motion seeking a reduced sentence based on a provision in his plea agreement. *Id.* at 414. Gutierrez then filed a declaratory relief action to "clarify the meaning of the plea agreement." *Id.* at 415. We held that Gutierrez's suit effectively challenged the validity of his sentence, making declaratory relief an improper substitute for a habeas proceeding. *Id.* at 415–16.

By Schlenker's admission, "the district court would need to address *some* of the issues that it would ultimately address in any § 2255 proceeding," but would not completely resolve whether he is entitled to habeas relief. He asserts that there was only one dispute in *Calderon*, habeas relief, and the parties merely held "different positions" regarding some of the defenses in a future § 2255 motion. He further contends that there are two separate disputes here: whether his § 2255

motion would breach the plea agreement and whether he is entitled to habeas relief because his § 924(c) sentence is illegal. Accordingly, Schlenker argues that his declaratory action *would* completely resolve the first dispute, even if it would not resolve the second—or "separate"—dispute of whether he is entitled to relief on his habeas claim. A closer look at the relief that Schlenker seeks reveals that his framing does not withstand scrutiny.

Schlenker asked the district court to declare that a § 2255 motion would not breach the plea agreement—specifically, his agreement to waive any collateral attack—based on the reasons noted above. *See supra*, p.8. He made the same arguments in his Motion to Clarify. If Schlenker were to file his proposed § 2255 motion, the government could (and has expressed that it would) raise the collateral attack waiver as a defense. Yet each of Schlenker's arguments for why a § 2255 motion would not breach the plea agreement pertains to the validity and scope of the collateral attack waiver. The Supreme Court has barred such use of a declaratory action to "obtain[] an advance ruling on an affirmative defense." *Calderon*, 523 U.S. at 747. As in *Calderon*, a resolution of Schlenker's declaratory action would effectively "carve out" an affirmative defense—the collateral attack waiver—but "would not resolve the entire case or controversy," i.e., whether Schlenker is entitled to habeas relief. *Id.* at 747, 749.[5]

---

[5] At oral argument, Schlenker's counsel stated that Schlenker had declined the government's offer to file a § 2255 motion and the government would not argue it was a breach of the plea agreement, because that would have left open the government's defense that any such § 2255 motion would be untimely. The untimely defense is one example of an issue that would remain unresolved even if the declaratory action were decided on the merits.

Schlenker argues that we should follow *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007)—not *Calderon* or *Gutierrez*. There, the Supreme Court held that the plaintiff need not "bet the farm, so to speak, by taking the violative action" in the face of "genuine threat of enforcement" to make a declaratory action justiciable under Article III. *Id.* at 129. Although *MedImmune* supports Schlenker's reasonable apprehension of prosecution, it does not blunt the force of *Calderon*. In *MedImmune*, the parties disputed whether MedImmune owed the defendant royalties under a license agreement for existing and pending patents. After the defendant obtained approval for the pending patent, it asserted that one of MedImmune's products infringed the new patent and demanded royalty payments under the license. *Id.* at 121–22. MedImmune sought a declaratory judgment that the defendant's patent was invalid or not infringed by its product. *Id.* at 120. By resolving the patent's validity and infringement, the declaratory action would have—unlike the present case—resolved the entire dispute. Indeed, the Court reiterated that "a litigant may not use a declaratory-judgment action to obtain piecemeal adjudication of defenses that *would not finally and conclusively resolve* the underlying controversy," and distinguished *Calderon* on that basis. *Id.* at 127 n.7 (emphasis in original).

Under these facts, a resolution of Schlenker's arguments that the collateral attack waiver is invalid would be the type of piecemeal litigation and improper substitute for habeas litigation that *Calderon* and *Gutierrez* prohibit. Because those cases prohibit a would-be habeas petitioner from using an alternative forum to carve out legal issues that are embedded in an underlying habeas proceeding, we see no reason why this reasoning does not apply equally to Schlenker's Motion to Clarify in his criminal case.

Accordingly, we affirm the district court's orders granting the government's motion to dismiss the declaratory relief action and denying Schlenker's Motion to Clarify in his criminal case.

**AFFIRMED.**