**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael Jerome KING, Defendant–
Appellant.**

No. 05–50520.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2006.\*

Filed Dec. 12, 2006.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Anne Gannon, Esq., USSA–Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Michael Jerome King, Heather J. Manolakas, Esq., Santa Monica, CA, pro se.

Before: PREGERSON, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Michael King appeals his conviction and sentence for aiding and abetting unarmed bank robbery in violation of 18 U.S.C. §§ 2(a) and 2113(a). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and affirm.

Because King raised all of his claims for the first time on appeal, we review for plain error. *United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir.), *cert. denied*, — U.S. —, 126 S.Ct. 2913, 165 L.Ed.2d 931 (2006); *United States v. Delgado*, 357 F.3d 1061, 1068 (9th Cir.2004).

■ King argues that there is insufficient evidence to establish that he aided and abetted unarmed bank robbery. However, King drove the getaway vehicle and led police on a high-speed chase during a well-planned, organized robbery. Viewing the evidence in the light most favorable to the government, a rational juror could have found beyond a reasonable doubt that King aided and abetted the bank robbery by knowingly, intentionally, and willfully driving the getaway car leaving the scene of the robbery. *See United States v. Dinkane*, 17 F.3d 1192, 1198–1200 (9th Cir.1994).

We have already rejected King's claim that, after *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court must specifically consider each 18 U.S.C. § 3553(a) sentencing factor. *United States v. Mix*, 457 F.3d 906, 912–13 (9th Cir.2006). We have also rejected King's claim that a U.S.S.G. § 2B3.1(b)(2)(C) firearm enhancement for a defendant who has been convicted of unarmed bank robbery must be pled and proved to the jury beyond a reasonable doubt. *United States v. Jordan*, 256 F.3d 922, 933–34 (9th Cir.2001).

■ The district court did not commit plain error in applying *Booker* at sentencing. The district court consulted the Guidelines, acknowledged that the Guidelines were advisory, discussed the statutory factors, stated its reasons for the sentence, and concluded that it would have reached the same sentence independent of the Guideline calculation. King's co-defendant brandished a firearm during the robbery and King drove the getaway vehicle, leading police on a dangerous high-speed chase through residential neighborhoods. The district court reasonably concluded that mitigating factors were outweighed by the extreme danger to the public.

We decline to address King's ineffective assistance of counsel claims on direct appeal. *See United States v. McKenna*, 327 F.3d 830, 845 (9th Cir.2003).

■ The district court orally sentenced King to 120 months, followed by three years of supervised release. However, the

written judgment reflects a sentence of 108 months. The unambiguous oral sentence of 120 months controls. *See United States v. Allen,* 157 F.3d 661, 668 (9th Cir.1998). We remand for the district court to amend the judgment to correct this clerical error.

AFFIRMED and REMANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.