**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 16-50089 |
| | 16-50090 |
| Plaintiff-Appellee, | |
| | D.C. Nos. 3:15-cr-02291-DMS |
| v. | 3:16-cr-07007-DMS |
| FELIPE MENDOZA-ZAZUETA, a.k.a. | |
| Reyes Cintero, a.k.a. Reyes Cortez-Ayon, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted June 26, 2017[**]

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

In these consolidated appeals, Felipe Mendoza-Zazueta appeals from the

district court's judgments and challenges the sentences imposed following his

guilty-plea conviction for being a removed alien found in the United States, in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 8 U.S.C. § 1326, and admitted violation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mendoza-Zazueta first contends that the district court procedurally erred by failing to calculate the applicable supervised release term as part of its Guidelines calculation for the reentry conviction. Although a district court's failure to calculate the applicable Guidelines range may constitute plain error, *see United States v. Hammons*, 558 F.3d 1100, 1105 (9th Cir. 2009), it is clear from the record that the district court was aware of the applicable supervised release Guidelines range. Contrary to Mendoza-Zazueta's argument on appeal, the Presentence Investigation Report correctly calculated the advisory Guidelines range for supervised release for this Class C felony. *See* U.S.S.G. § 5D1.2(a)(2). Moreover, the district court's imposition of a term of supervised release for further deterrence is consistent with U.S.S.G. § 5D1.1(c), with which we presume the district court was familiar. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Mendoza-Zazueta next contends that the district court procedurally erred by failing to provide him with an opportunity to allocute prior to the court's imposition of the supervised release revocation sentence. This argument is unsupported by the record. In the combined sentencing hearing, the district court invited Mendoza-Zazueta to address the court immediately following arguments

from Mendoza-Zazueta's counsel regarding sentencing on both the reentry conviction and the supervised release violation and prior to the court's imposition of sentences for both.  Thus, the court provided Mendoza-Zazueta with "an opportunity to make a statement and present any information in mitigation," before the sentence was imposed.  *See* Fed. R. Crim. P. 32.1(b)(2)(E); *see also United States v. Allen*, 157 F.3d 661, 666 (9th Cir. 1998).

**AFFIRMED.**